J-S09024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD HALL | : | |
| | : | No. 828 MDA 2017 |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered December 15, 2015
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0002377-2014

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED APRIL 05, 2018**

Appellant Richard Hall appeals from the December 15, 2015 judgment of sentence of 81 to 192 months imprisonment followed by six years of special probation. The sentence was imposed after Hall entered a negotiated guilty plea to Involuntary Deviate Sexual Intercourse ("IDSI") and Corruption of Minors.[1] On appeal, he challenges the denial of his presentence motion to withdraw his guilty plea, as well as discretionary aspects of sentencing. We affirm in part, vacate in part, and remand.

On July 10, 2015, Hall pled guilty to the above-referenced charges. The Sexual Offenders Assessment Board ("SOAB") then notified Hall in late September 2015 that it had determined that he was a tier III sexually violent

_____

*   Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3123 and 6301 respectively.

predator ("SVP"). Approximately two months later, on November 25, 2015, but before sentencing, Hall filed a motion to withdraw his plea. Hall asserted that he was innocent and that he had only pled guilty because his attorney had discouraged him from proceeding with a jury trial and had advised him that entering a guilty plea was his only option. Motion to Withdraw Guilty Plea at ¶¶ 9 and 10.

At a hearing on Hall's motion, Hall's then-counsel presented a bare assertion of Hall's innocence, stating, "As was reflected in our motion, Mr. Hall is asserting his innocence in this matter. His contention is that from the inception of the case he was prepared to go to trial." N.T., 12/14/15, at 2. Notably, Hall did not testify and defense counsel presented no other evidence to support Hall's claim of innocence. The court denied the motion, finding that it was a dilatory tactic by Hall. *Id.* at 7. The court then sentenced him the following day.

Hall subsequently filed a Motion for Reconsideration of Sentence. The trial court denied the motion, and Hall filed a timely appeal.

He raises two issues for our review:

1. Did the trial court abuse its discretion in denying defendant's presentence motion to withdraw his guilty plea where defendant proffered a plausible claim of innocence and the Commonwealth suffered no actual prejudice?

2. Did the trial court abuse its discretion by failing to consider defendant's limited criminal history, post-offense rehabilitation and other mitigating factors and by focusing solely on the nature of the crime and defendant's classification as a sexually violent predator to justify sentencing defendant at the top of

the standard sentencing ranges for IDSI and corruption of minors and imposing sentences to be served consecutively, for a manifestly excessive and unreasonable aggregate sentence of 81 months to 192 months imprisonment, followed by six years' probation?

Appellant's Brief at 4.

In his first issue, Hall argues that the trial court should have granted his motion because he presented a plausible claim of innocence and the Commonwealth would not be prejudiced by the withdrawal of his guilty plea.

We review a ruling on a presentence motion to withdraw a guilty plea for an abuse of discretion. *Commonwealth v. Elia*, 83 A.3d 254, 261 (Pa.Super. 2013). A trial court abuses its discretion in denying a presentence motion to withdraw a guilty plea if the defendant has shown any fair and just reason for withdrawing the plea, and granting the motion will not substantially prejudice the Commonwealth. *Id.* A "bare" assertion of innocence is insufficient; rather, the defendant must make some colorable demonstration of innocence, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. *Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1292 (Pa. 2015). A claim of innocence that is implausible when considered in context is not, in and of itself, a sufficient reason to require a court to allow the defendant to withdraw the plea. *Id.* at 1285.[2]

Recent cases demonstrate that a trial court permissibly denies a presentence motion to withdraw a guilty plea based on a claim of innocence

_____

[2] *See also Commonwealth v. Hvizda*, 116 A.3d 1103, 1107 (Pa. 2015) (holding that defendant's bare assertion of innocence was insufficient reason to require granting of defendant's presentence request to withdraw his plea).

where the record before the trial court shows the claim of innocence is not colorable or plausible. In **Carrasquillo**, our Supreme Court found no abuse of discretion by the trial court in denying a presentence request to withdraw a guilty plea where the defendant first asserted his innocence two months after the evidentiary record was closed, and statements made in association with the claim of innocence undermined the claim's plausibility. **Carrasquillo** 115 A.3d at 1292-93. In **Commonwealth v. Baez**, 169 A.3d 35, 39 (Pa.Super. 2017), we found that an innocence claim was not sufficiently plausible to require the trial court to allow him to withdraw a guilty plea, where the defendant first asserted his innocence three months after pleading guilty and he offered no evidence to support the claim.

Our recent decision in **Commonwealth v. Islas**, 156 A.3d 1185 (Pa.Super. 2017), provides a useful contrast. There, the defendant entered a guilty plea to indecent assault, but then moved before sentencing to withdraw the plea. **Id.** at 1187, 1191. At a hearing, he testified that he did not engage in the charged conduct. **Id.** In addition, the record showed that the defendant had maintained his innocence when interviewed by law enforcement; if the conduct had occurred as alleged, it would have been witnessed by others; the victim had a motive to fabricate the charges; the victim had delayed in making a report to law enforcement; and the defendant was of good character, had no criminal record, and had never received a similar complaint over a period of many years. **Id.** Based on the evidentiary record, we concluded that the

claim of innocence was plausible and reversed the denial of his motion to withdraw his guilty plea. *Id.*

Here, the record does not contain such evidence. Hall did not testify at the hearing on his petition to withdraw his guilty plea and provided the court with no evidence to support his claim of innocence. While he claimed that his reason for pleading guilty was that he thought that it was his only option, the record undermines that assertion. The trial court conducted a full guilty plea colloquy at which it confirmed that Hall understood that he was presumed to be innocent and had a right to a jury trial:

Q: Sir, it's my understanding it's your desire to plead guilty today?

A: Yes, sir.

Q: Do you understand that you're presumed to be innocent and you have an absolute right to have a trial by jury. And in fact, we have a jury pool ready for next week for this case?

A: Yes, your Honor.

Q: And it's my understanding that it's your desire to instead of going to trial, to plead guilty?

A: Yes, sir.

N.T., 7/10/15, at 2.

Additionally, Hall signed "yes" on a written guilty plea colloquy form where it stated, "[D]o you understand that even though you are guilty or may be guilty you are presumed to be innocent, and you have a right to go to trial either before a judge or before a jury of 12 individuals and the Commonwealth must prove to the satisfaction of each and every one of the 12 jurors or to the

satisfaction of the judge that you [are] guilty beyond a reasonable doubt?" Guilty Plea Colloquy at 2.

On this record, the trial court was not required to accept Hall's bare assertion of innocence or his implausible claim that he thought pleading guilty was his only option. We perceive no abuse of discretion.

In his second issue, Hall challenges the sentence imposed by the court. He contends that the trial court "relied on erroneous considerations, overlooked mitigating factors, and imposed a manifestly excessive and unreasonable sentence." Appellant's Brief at 26. There is no absolute right to an appeal challenging the discretionary aspects of sentencing. ***Commonwealth v. Trippett***, 932 A.2d 188, 202 (Pa.Super. 2007). Sentencing is within the discretion of the trial court and thus will not be disturbed absent an abuse of discretion. ***Commonwealth v. Bullock***, 170 A.3d 1109, 1123 (Pa.Super. 2017).

Before we may entertain the merits of a challenge to the discretionary aspects of sentencing, we must decide whether the defendant has cleared four preliminary hurdles. We must determine: (1) whether the appeal is timely; (2) whether appellant preserved his issue; (3) whether appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether there

is a substantial question raised under the Sentencing Code.[3] ***Commonwealth v. Heaster***, 171 A.3d 268, 271-72. (Pa.Super. 2017).

Hall's challenges to the discretionary aspects of sentencing do not meet the second and fourth criteria. He failed to raise those challenges in the Court of Common Pleas either during the course of the sentencing hearing or in a post-sentence motion. We therefore we will not address them.

We must, however, vacate the portion of Hall's judgment of sentence finding him to be an SVP, as that portion of the sentence is illegal. Hall did not challenge the trial court's order finding him to be an SVP and requiring him to register for life in accordance with section 9799.15(a)(6) Sexual Offender Registration and Notification Act ("SORNA"). 42 Pa.C.S.A. § 9799.15(a)(6). However, challenges to an illegal sentence can never be waived and this Court may raise the issue *sua sponte*. ***Commonwealth v. Wolfe***, 106 A.3d 800, 801 (Pa.Super. 2014).

After the trial court sentenced Hall, our Supreme Court held in ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017), that the registration requirements under SORNA constitute criminal punishment. In light of ***Muniz***, this Court held the following:

> [S]ince our Supreme Court has held [in ***Muniz***] that SORNA registration requirements are punitive or a criminal penalty to which individuals are exposed, then under ***Apprendi*** [***v. New Jersey***, 530 U.S. 466 (2000),] and ***Alleyne*** [***v. United States***, 133 S.Ct. 2151, 2163 (2013)], a factual finding, such as whether a defendant has a "mental abnormality or personality disorder that

---

[3] 42 Pa.C.S.A. §§ 9701-9799.75.

makes [him or her] likely to engage in a predatory sexual violent offense [,]" 42 Pa.C.S.A. § 9799.12, that increases the length of registration must be found beyond a reasonable doubt by the chosen fact-finder. Section 9799.24(e)(3) identifies the trial court as the finder of fact in all instances and specifies clear and convincing evidence as the burden of proof required to designate a convicted defendant as an SVP. Such a statutory scheme in the criminal context cannot withstand constitutional scrutiny.

***

[Thus], we are constrained to hold trial courts cannot designate convicted defendants SVPs (nor may they hold SVP hearings) until our General Assembly enacts a constitutional designation mechanism. Instead, trial courts must notify a defendant that he or she is required to register for 15 years if he or she is convicted of a Tier I sexual offense, 25 years if he or she is convicted of a Tier II sexual offense, or life if he or she is convicted of a Tier III sexual offense.

*Commonwealth v. Butler*, 173 A.3d 1212, 1217 (Pa.Super. 2017).

In light of *Muniz* and *Butler*, Hall's SVP status constitutes an illegal sentence. Therefore, we vacate Hall's SVP status, pursuant to *Butler*, and remand to the trial court to issue a revised notice to Hall pursuant to 42 Pa.C.S.A. § 9799.23 (governing reporting requirements of sex offenders).

SVP order vacated and case remanded for proceedings consistent with this decision. Judgment of sentence affirmed in all other respects.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/5/2018

- 8 -