J-S67040-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| LUIS MEDINA, | : | |
| Appellant | : | No. 665 EDA 2018 |

Appeal from the Judgment of Sentence March 6, 2017
in the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000039-2016
CP-45-CR-0000594-2016

BEFORE:  OTT, J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED JANUARY 03, 2019**

Luis Medina (Appellant) appeals from the judgment of sentence entered March 6, 2017, after he pleaded guilty to robbery and receiving stolen property.  Upon review, we vacate Appellant's judgment of sentence and remand with instructions.

On May 25, 2016, Appellant pleaded guilty to one count of robbery at docket number CP-45-CR-0000039-2016 and one count of receiving stolen property at docket number CP-45-CR-0000594-2016.  N.T., 5/25/2016, at 12. Pertinent to this appeal, as part of Appellant's plea agreement, the Commonwealth informed the trial court that it was in "agreement with a state intermediate punishment sentence in connection with these offenses." *Id.*  As such, the Commonwealth requested the trial court, prior to sentencing,

* Retired Senior Judge assigned to the Superior Court

"remand [Appellant] to a state correctional institution for an evaluation for the state intermediate [punishment] program [(State IP program)]."[1] ***Id.*** Appellant's plea was accepted, and the trial court directed Appellant be committed to the Department of Corrections for an State IP program evaluation, noting the "Commonwealth has waived [Appellant's] ineligibility for the State [IP p]rogram based on the instant conviction and his prior criminal history." ***Id*** at 14-15. Sentencing was deferred pending the outcome of Appellant's evaluation.

On February 8, 2018, prior to his sentencing hearing, Appellant filed a motion to withdraw his guilty plea. Therein, Appellant averred that unbeknownst to him, his counsel, and the district attorney, charges were filed against Appellant in Northampton County and a detainer was placed on Appellant. Motion to Withdraw Guilty Plea, 2/8/2018, at 1 (unnumbered). Because of this detainer, Appellant was denied participation into the State IP program. ***Id.*** In Appellant's motion, defense counsel asserted that he would not have advised Appellant he was eligible for the State IP program had he

---

[1] This agreement was memorialized in Appellant's written guilty plea and colloquy wherein the Commonwealth agreed, in exchange for Appellant's plea, to "*nolle pros* remaining charges" and request Appellant be "sent for evaluation into the State IP program. If accepted into the program the Commonwealth will waive all disqualifying charges and [Appellant] will be responsible for restitution." Guilty Plea and Colloquy, 5/27/2016, at 1 (unnumbered). Appellant acknowledged that this agreement, as it pertained to sentencing was "not binding" on the trial court, and Appellant was not "guaranteed a specific sentence in exchange for" his plea. ***Id.*** at 2.

been aware of the outstanding detainer which "automatically disqualified" Appellant from participating in the State IP program. *Id.* Based on the foregoing, Appellant sought to withdraw his guilty plea "due to [Appellant's] unknowing and uncounseled plea. But for counsel's presentation that he was eligible for the State IP Program, [Appellant] would not have" pleaded guilty. *Id.* at 2. Upon receipt of the motion, the trial court scheduled a hearing. Order of Court, 2/13/2017.

On March 6, 2016, the parties appeared for the hearing, which was short and consisted solely of arguments from Appellant's counsel and the Commonwealth, as well as a brief inquiry by the trial court. N.T., 3/6/2016, at 2-5. Appellant's counsel reiterated the same arguments set forth in Appellant's motion. *Id.* at 2 ("But for the State IP [program, Appellant] would not have entered into that guilty plea; and without that still being on the table, I don't believe that his plea would be knowing, intelligent and voluntary."). In response, the Commonwealth argued the trial court should deny Appellant's motion because the language used during Appellant's plea colloquy made it clear that there was no guarantee that Appellant would be accepted into the State IP program. *Id.* at 3 ("[L]ooking back at the plea colloquy, there is very clear language in here that says 'if' [Appellant] is accepted into the State IP

Program."). Ultimately, the trial court denied Appellant's motion[2] and proceeded directly to sentencing.

> [Appellant was sentenced] within the standard guideline range to an aggregate sentence of [48 to 120] months in a state correctional institution. Appellant received a time credit commencing on December 12, 2015. On March 9, 2017, Appellant filed a motion to reconsider sentence[, which the trial court] denied on March 10, 2017. On April 6, 2017, Appellant filed a timely notice of appeal to th[is] Court[.] … On October 17, 2017, th[is] Court issued an order dismissing [] Appellant's appeal for failing to file a brief. On November 2, 2017, Appellant filed a *Pro Se* motion for post[-]conviction collateral relief (hereinafter "PCRA"), claiming ineffective assistance of counsel. [The trial court] appointed counsel and granted counsel leave to file an amended PCRA petition, which counsel did on December 8, 2017. Thereafter, [the trial court] scheduled and held a hearing on January 25, 2018. After hearing [the trial court] entered an order granting Appellant's PCRA petition[] and reinstated [h]is appellate rights before th[is] Court. On February 23, 2018, Appellant filed a notice of appeal[.[3]]

Trial Court Opinion, 3/29/2018, at 1-2 (unnumbered) (unnecessary capitalization omitted).

Appellant's sole issue on appeal challenges the court's denial of Appellant's pre-sentence motion to withdraw his guilty plea. Appellant's Brief 7. Specifically, Appellant avers the trial court erred in denying his motion when he "asserted his plea was unknowing, uncounseled and not made

---

[2] In denying Appellant's motion, the trial court determined that the fact that Appellant was evaluated for but ultimately not accepted into the State IP program was not a "fair and just reason" warranting the withdrawal of Appellant's plea. N.T., 3/6/2016 at 4.

[3] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

voluntarily[.]" ***Id.*** (unnecessary capitalization omitted). We consider Appellant's issue mindful of the following principles.

> We review a trial court's ruling on a pre-sentence motion to withdraw a guilty plea for an abuse of discretion. Pennsylvania Rule of Criminal Procedure 591(A) provides:
>
>> At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty.
>
> Pa.R.Crim.P. 591(A). The official comment to Rule 591 provides: "After the attorney for the Commonwealth has had an opportunity to respond, a request to withdraw a plea made before sentencing should be liberally allowed." Similarly, in ***Commonwealth v. Forbes***, the Pennsylvania Supreme Court concluded: "Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made *before* sentencing ... should be liberally allowed." The Court in ***Forbes*** went on to explain:
>
>> [I]n determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, the test to be applied by the trial courts is fairness and justice. If the trial court finds "any fair and just reason," withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been "substantially prejudiced."
>
> In [***Commonwealth v. Elia***, 83 A.3d 254 (Pa. Super. 2013)], this Court explained the rationale for the rule of liberal allowance of withdrawal of guilty pleas before sentencing:
>
>> The policy underlying this liberal exercise of discretion is well-established: The trial courts in exercising their discretion must recognize that before judgment, the courts should show solicitude for a defendant who wishes to undo a waiver of all constitutional rights that surround the right to trial—perhaps the most devastating waiver possible under our constitution.

In contrast, when a defendant moves to withdraw a guilty plea after sentencing, the standard is far more stringent. "[P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea."

*Commonwealth v. Islas*, 156 A.3d 1185, 1187–88 (Pa. Super. 2017) (some citations and emphasis in original omitted).

Before addressing the merits of Appellant's arguments on appeal, we note that in its 1925(a) opinion to this Court, the trial court, "[u]pon review of the record in preparation for [its opinion], and in consideration of relevant law pertaining to pre-sentence withdrawal of guilty plea requests" concluded that it "may have erred in denying Appellant's request to withdraw his guilty plea[]" and requested this Court vacate its March 6, 2017 sentencing order and "remand the matter back to th[e trial court] so that [it] can conduct an on-the record colloquy of Appellant to determine whether to grant his request to withdraw his guilty plea." Trial Court Opinion, 3/29/2018, at 4-5 (unnumbered). In finding as such, the trial court expressed that "Appellant signed the written guilty plea and colloquy form with the expectation that he would be eligible for [the State IP Program]. Therefore, [the trial court] now question[s] whether or not [Appellant's] guilty plea was voluntarily, knowingly [] and intelligently made." *Id.* at 4.

In his brief on appeal, Appellant, referencing the trial court's acknowledgment "that it may have erred in denying [] Appellant's motion to

withdraw[,]" requests this Court vacate his "judgment of sentence entered in the above-captioned case and allow Appellant to withdraw his guilty plea[]." Appellant's Brief at 11, 21. Conversely, the Commonwealth urges this Court to affirm Appellant's judgment of sentence. Commonwealth's Brief at 8.

Upon review, based on the facts before us and the averments by Appellant's plea counsel, we agree with the trial court that the parties would benefit from a more thorough and comprehensive hearing on Appellant's motion. In finding as such, we are cognizant that trial courts are not required to hold a hearing on a defendant's motion to withdraw his guilty plea, nor is this Court required to remand a case based solely on a trial court's request. However, in the context of motions to withdraw a guilty plea, this Court has held that a hearing may be necessary in "borderline" cases. ***See Commonwealth v. Cappelli***, 489 A.2d 813, 819 (Pa. Super. 1985) ("It is true that in 'borderline' cases [involving a motion to withdraw a guilty plea,] a hearing should be granted.").

In this case, Appellant filed a pre-sentence motion to withdraw his guilty plea based on, *inter alia*, plea counsel erroneously advising Appellant that he was eligible for the State IP program when in fact, he was automatically disqualified due to an outstanding detainer. Motion to Withdraw Guilty Plea, 2/8/2018, at 1 (unnumbered). Because of this, Appellant avers his plea was not knowingly or voluntarily entered. ***Id.*** Based on these averments alone, we believe Appellant may have set forth a "fair and just reason" to warrant

the withdrawal of his plea. *C.f. Commonwealth v. Dicken*, 895 A.2d 50, 54 (Pa. Super. 2006) ("Being advised that you are eligible for boot camp, when i[n] fact you are not, may be a fair and just reason for withdrawal of a plea. *See Commonwealth v. Hickman*, 799 A.2d 136 (Pa. Super. 2002) (plea counsel's erroneous advice about boot camp eligibility under negotiated sentence invalidated Appellant's guilty plea)").

While the Commonwealth urges this Court to affirm Appellant's judgment of sentence, we cannot make credibility determinations in the first instance to assess Appellant's understanding of the plea and agreements between the parties and therefore find, as the trial court has suggested, that a hearing[4] is necessary. Thus, we remand for a hearing on Appellant's motion to withdraw. On remand, "the test to be applied by the trial court[] is fairness and justice. If the trial court finds 'any fair and just reason,'" the trial court should freely permit Appellant's request to withdraw his plea "unless the prosecution has been 'substantially prejudiced.'" *Islas*, 156 A.3d at 1188 (citation omitted).

Judgment of sentence vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

---

[4] As noted *supra*, before sentencing, the trial court entertained arguments set forth by the parties, as well as engaged in a brief questioning of plea counsel before ultimately denying Appellant's motion. As alluded to by the trial court, we find this was inadequate to conduct a proper assessment into the facts surrounding Appellant's plea.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/3/19