J-A01033-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                     :        PENNSYLVANIA
                                                     :

                v.                         :
                                                       :
                                                       :

ALAN M. STOKES                     :
                                                       :

               Appellant               :     No. 3973 EDA 2017

Appeal from the Judgment of Sentence Entered November 9, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012407-2014

BEFORE: OTT, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED MAY 14, 2019**

      Alan M. Stokes appeals from the judgment of sentence entered on November 9, 2017, following his open guilty plea. He maintains that the trial court erred in denying his motion to withdraw his guilty plea and that his sentence was unwarranted and excessive. We affirm.

      The facts giving rise to Stokes' guilty plea are as follows:

> At approximately 2:15 in the afternoon on August 29, 2014, Edward Lynn went to a corner store in West Philadelphia to buy lunch. After purchasing a sandwich, Mr. Lynn walked to his car and was approached by [Stokes] outside the store. [Stokes] accused Mr. Lynn of bumping into him. When Mr. Lynn reached his hand out to shake [Stokes'] hand in apology, [Stokes] pulled out his firearm and shot Mr. Lynn nine times. Mr. Lynn suffered life threatening injuries, including permanent paralysis from the waist down, and spent over three months in the hospital as a result of his injuries and the complications that followed.

Trial Court Pa.R.A.P. 1925(a) Opinion, filed 5/16/18, at 1 (citations to notes of testimony omitted) (unpaginated).

Stokes was charged with possessing an instrument of crime, carrying firearms on public streets or public property in Philadelphia, firearms not to be carried without a license, possession of a firearm prohibited, and attempted murder.[1] He proceeded to a jury trial, and after a full jury was empaneled, he entered an open guilty plea. Prior to the sentencing hearing, Stokes, although counseled, filed a *pro se* Motion to Withdraw his guilty plea, arguing that his plea was not knowing, intelligent, and voluntary.[2] He contended that "counsel wrongfully induced his guilty plea" by failing to adequately counsel Stokes of:

- The defense strategy for trial.

- [Stokes'] complaint against the arresting police district (16th district) as proof witness had other means of obtaining knowledge from a biased source.

- The possible effects of the victim's first statement in a jury trial.

Post Verdict Motion Withdrawal of Guilty Pleas, filed 6/23/17, at 2 (unpaginated).

The following week, defense counsel filed a Motion to Withdraw as counsel, which the trial court granted. Stokes then retained new counsel, but new counsel did not file a new, counseled motion. At a hearing on the *pro se* motion, counsel raised a new argument: that the court should allow Stokes to

---

[1] **See** 18 Pa.C.S.A. §§ 907(a), 6108, 6106 (a)(1), 6105(a)(1), 901(a), and 2502(a).

[2] This motion was a legal nullity and therefore had no legal effect. **See Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa.Super. 2007) (concluding that *pro se* motion filed while counseled is a legal nullity).

- 2 -

withdraw his guilty plea because Stokes was asserting his innocence based on "an affirmative defense of justification." N.T., Motion Hearing, 11/3/17, at 6, 8.

The Commonwealth argued in response that Stokes had failed to demonstrate, "even at all, a fair and just reasonable for withdrawing his guilty plea." *Id.* at 10. It argued that the court "conducted an extensive guilty plea colloquy," both written and oral. *Id.* at 10-11. Additionally, it stated that "Your Honor colloquied the defendant about whether or not [defense counsel] adequately discussed any defenses at trial. Mr. Stokes, on the record, indicated that [defense counsel] went through all of the defenses as trial." *Id.* at 12. It also argued that it would suffer prejudice if Stokes was allowed to withdraw his guilty plea because the victim, who was paralyzed from the waist down from this shooting, "is facing significant physical limitations that the Commonwealth has to engage private transportation for [sic] in order to bring him to court." *Id.* at 16.

Prior to making its decision, the trial court read into the record portions of the plea colloquy, including where Stokes affirmed that he had not been forced to plead guilty, he was pleading guilty of his own free will, and he was

satisfied with trial counsel. *See id.* at 21-22.[3] The court then denied the motion, stating:

> A fair and just reason has not been shown. The assertion of innocence, while under oath, has not been shown. Additionally, based on the physical condition this [c]ourt saw in the complainant, who testified before us, and the fact that such extensive accommodations had been made by the Commonwealth to be able to transport this complainant alone, based on these injuries, I am denying the motion to withdraw the guilty plea.

*Id.* at 23.

The trial court sentenced Stokes on a later date to an aggregate sentence of 25 to 50 years' incarceration.[4] Counsel filed a post-sentence motion challenging discretionary aspects of sentence, which the trial court denied. This timely appeal followed.[5]

Stokes raises the following issues before this Court:

I.  The trial court erred in denying [Stokes'] pre-sentence motion to withdraw his guilty plea where the plea was not

---

[3] The certified record does not include the notes of testimony from the guilty plea hearing; however, neither party contested the trial court's recitation of the testimony.

[4] The court imposed a consecutive term of 15 to 30 years for the attempted murder charge, five to ten years for possession of firearms prohibited, three and one half to seven years on firearms not to be carried without a license, one and one half to three years on carrying firearms on public streets or public property in Philadelphia, and no further penalty for possession of an instrument of crime.

[5] On appeal, Raymond Roberts, Esquire, entered his appearance on behalf of Stokes. However, counsel later filed a motion withdraw appearance, which we granted on August 7, 2018. *See* Order, filed 08/07/18. Alston Meade, Jr., then entered his appearance on behalf of Stokes.

made knowingly, intelligently or voluntarily and defense counsel wrongfully induced his plea and there was no specific suggestion that the prosecution was substantially prejudiced.

II.    [Stokes] challenges the discretionary aspects of sentencing where he was sentenced to consecutive sentences, and he was sentenced outside the guidelines not in conformance with his lack of violent criminal history, Sentencing Guidelines, low prior record score and youth, in addition to having pled guilty.

Stokes' Br. at 9.[6]

We review the denial of a pre-sentence motion to withdraw a guilty plea for an abuse of discretion. *See Commonwealth v. Islas*, 156 A.3d 1185, 1187 (Pa.Super. 2017). "An abuse of discretion exists where the defendant shows any 'fair and just' reason for withdrawing his plea, absent 'substantial prejudice' to the Commonwealth." *Commonwealth v. Pardo*, 35 A.3d 1222, 1227 (Pa.Super. 2011) (quoting *Commonwealth v. Anthony*, 475 A.2d 1303 (Pa. 1984)). There is no absolute right to withdraw a guilty plea. *Islas*, 156 A.3d at 1188. However, when the defendant makes the request prior to sentencing, it "should be liberally allowed." *Id.* (quoting *Commonwealth v.*

---

[6] Appellate counsel filed a Motion to Supplement the Record Post Oral Argument, requesting to supplement the record with the video of the shooting. This Court received the video on a DVD disk via mail with a letter enclosed from counsel, not in accordance with Rule 1926(b) of the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 1926(b)(2) (record may be supplemented "by the parties by stipulation filed in the trial court, [and] the parties shall file in the appellate court a copy of any stipulation filed pursuant to this rule, and the trial court shall certify and transmit as a supplemental record the materials described in the stipulation"). Therefore, we denied the motion to supplement the record and do not factor the video into our analysis of the issues presented. *See* Order Denying Motion to Supplement, dated 1/16/19.

*Forbes*, 299 A.2d 268, 271 (Pa. 1973)). Where a defendant seeks before sentencing to withdraw a guilty plea based on a claim of innocence, the claim "must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." *Id.* at 1189 (quoting *Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1292 (Pa. 2015)).

Here, Stokes maintains that the trial court "failed to appreciate that pre-sentencing requests are to be liberally granted." Stokes' Br. at 21. He maintains that his claim of a defense of justification is a "fair and just reason to withdraw [his] plea." *Id.* at 24.

We cannot say the trial court abused its discretion in denying the motion. To begin, there is nothing in the record to show that Stokes' justification defense was colorable. At the motion hearing, he argued to the court that the surveillance video supported the defense. However, the video is not in the certified record. Stokes did not move it into evidence at the hearing, and although he forwarded a copy of it directly to this Court following argument, he did not take proper steps to correct or modify the certified record. *See generally* Pa.R.A.P. 1926. Furthermore, the trial court stated that it viewed the video and nonetheless concluded that Stokes had not "shown" an "assertion of innocence" and found no fair and just reason to permit him to withdraw his guilty plea. N.T., Motions Hearing, at 23. We cannot on this record find an abuse of discretion. *See Commonwealth v. Petroll*, 696 A.2d 817, 836 (Pa.Super. 1997).

Next, Stokes challenges the discretionary aspects of his sentence. Such a challenge requires that we first determine whether: (1) the appeal is timely; (2) the appellant preserved the issue; (3) the appellant's brief contains a statement pursuant to Pa.R.A.P. 2119(f); and (4) the appellant has presented a substantial question. ***Commonwealth v. Samuel***, 102 A.3d 1001, 1006-07 (Pa.Super. 2014).[7]

Stokes' challenge fails at the second step: he failed to preserve his issues. In his Rule 2119(f) statement he asserts: (1) the court imposed consecutive sentences making the sentence harsh and excessive; (2) the court sentenced him outside of the Sentencing Guidelines; (3) the court "double counted" his prior convictions; (4) the court failed to state its reasons for sentencing on the record; and (5) the trial court "failed to place [his] conviction into its appropriate context in terms of the seriousness of the offense, need for rehabilitation, and need for protection of the community." Stokes' Br. at 29-30.

In contrast, his post-sentence motion raised different issues:

---

[7] Pa.R.A.P. 2119(f) provides:

> An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence.

Pa.R.A.P. 2119(f).

[Stokes] asks that this [c]ourt take in account

- The statements made by [Stokes'] family and friends;

- That [Stokes] entered a negotiated plea saving the Commonwealth the expense of a trial, as well as sparing the victim and the victim's family he agony of reliving the events at trial;

- [Stokes'] young age and the likelihood of rehabilitation;

- The low prior record score of [Stokes];

- The recommended sentencing guidelines; and

- The lack of a violent criminal history.

Motion for Reconsideration of Sentence, filed 11/16/17, at ¶ 7.

The two groups of issues are not the same. We thus conclude that Stokes waived appellate review of the challenge to his sentence. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal").

Even if Stokes had preserved his issues, we would conclude that they lacked merit. The trial court stated the following prior to imposing its sentence:

In fashioning a sentence here today, the [c]ourt has taken into account Mr. Stokes' prior record score, offense gravity score and range, and mental health evaluation, the presentence investigation and the Commonwealth's sentencing memorandum. Additionally, I've taken into account the victim impact statements here today made by Mr. Lynn and his family as well as the statements in support of Mr. Stokes. The worst part of this job is that there's nothing I can do today that fixes anything. I can't take back that day for Mr. Stokes or Mr. Lynn. Instead I'm here to balance the harm that was done to Mr. Lynn, the rehabilitative needs of Mr. Stokes, the protection of the public moving forward, and I am balancing the additional sentencing factors including the

fact that Mr. Stokes did, if not begrudgingly, accept responsibility in the form of an open guilty plea before this [c]ourt.

After hearing the facts of this case, if this case had gone to trial and there was a conviction, my sentence would have been much greater. The reasons for my sentence, I do believe that a lesser sentence would depreciate the seriousness of this crime. The fact that Mr. Stokes was basically in absconder status from his case in Delaware County and his supervision there, the fact that Mr. Stokes has previously been incarcerated, the fact that they're still garnering even now infractions during that incarceration, the injuries to Mr. Lynn, the lifelong injuries to Mr. Lynn. I do believe that Mr. Stokes is a danger based on what I've seen in that video and the facts that I heard and that Mr. Stokes previously pled guilty to, and also to deter others from a crime such as this. There are two families that will not be the same and again I can't change that.

Decisions that you made, Mr. Stokes, set all of this in motion. And the fact that you came here today and during your allocution telling someone who is paralyzed from the waist down that one day he may walk is possibly one of the most insensitive things I have heard on the bench, and frankly, even with the criminal defense attorney. It was a hollow acceptance of responsibility, and it was a hollow allocution here today. When I heard it, sir, after hearing the support that you do have, and I'll say it, I don't believe that you are an animal. I work with human beings. Everyone in this room is a human being, people who care about them and love them. But I think that the man that we heard about, Mr. Lynn, being the father that he is, there is an anger in you, sir, and I don't know where it comes from. I have suspicions based on the PSI, but you took whatever insecurities you were feeling and you took it out on Mr. Lynn, a perfect stranger, and after hearing from your mother and your sister I had a different number, but after hearing your allocution here today I don't believe I can protect the public from you because in your mind you have not done anything wrong.

N.T., Sentencing, 11/09/17, at 86-90.

The above reasoning of the court refutes all claims raised by Stokes regarding his sentence. While the sentence was above the standard range of

the Sentencing Guidelines, the trial court placed on the record its reasons for imposing such a sentence. It also balanced the protection of the public, the gravity of the offense, the impact on Mr. Lynn, his family, and the community, and the rehabilitative needs of Stokes, and concluded it was appropriate to sentence Stokes to 25 to 50 years' imprisonment. *See* 42 Pa.C.S.A. § 9721(b). We discern no abuse of discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/14/19