2017 PA Super 43

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAVID ANTHONY ISLAS | |
| Appellant | No. 1270 EDA 2016 |

Appeal from the Judgment of Sentence March 31, 2016
In the Court of Common Pleas of Wayne County
Criminal Division at No(s): CP-64-CR-0000280-2015

BEFORE:  BENDER, P.J.E., MOULTON, J., and FITZGERALD, J.[*]

OPINION BY MOULTON, J.:                    **FILED FEBRUARY 24, 2017**

David Anthony Islas appeals from the March 31, 2016 judgment of sentence entered in the Court of Common Pleas of Wayne County.  Because the trial court erred in denying Islas' pre-sentence motion to withdraw his guilty plea, we vacate and remand for further proceedings.

On August 17, 2015, police arrested and charged Islas with three counts of Indecent Assault – Complainant Less than 13.[1]  The alleged incidents occurred on August 14, 2015 and August 16, 2015 at the Island Lake Camp in Wayne County, where Islas was a camp counselor and the

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3126(a)(7), (b)(3) (graded as a third-degree felony); 18 Pa.C.S. § 3126(a)(7) (graded as a first-degree misdemeanor); 18 Pa.C.S. § 3126(a)(1).

alleged victim was a camper.  On January 8, 2016, three days before trial, Islas entered a guilty plea to one count of Indecent Assault – Complainant Less than 13, a first-degree misdemeanor; in exchange for Islas' plea, the Commonwealth agreed to *nolle pros* the other two counts.

The trial court scheduled sentencing for March 31, 2016.  On February 11, 2016, counsel for Islas withdrew from representation and current counsel entered his appearance.  That same day, Islas filed a motion to withdraw his guilty plea, chiefly based on an assertion of innocence.  On February 25, 2016, following a hearing, the trial court denied Islas' motion to withdraw, and on March 31, 2016, sentenced Islas to 183 days (time served) to 5 years, less 1 day, of imprisonment.

Islas raises the following issue on appeal:  "Did the trial court err or otherwise abuse its discretion in denying . . . Islas' pre-sentence motion to withdraw his guilty plea[?]"  Islas' Br. at 4.

We review a trial court's ruling on a pre-sentence motion to withdraw a guilty plea for an abuse of discretion.  ***Commonwealth v. Elia***, 83 A.3d 254, 261 (Pa.Super. 2013).

Pennsylvania Rule of Criminal Procedure 591(A) provides:

> At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty.

Pa.R.Crim.P. 591(A). The official comment to Rule 591 provides: "After the attorney for the Commonwealth has had an opportunity to respond, a request to withdraw a plea made before sentencing should be liberally allowed." *Id.* cmt. Similarly, in **Commonwealth v. Forbes**, the Pennsylvania Supreme Court concluded: "Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made *before* sentencing . . . should be liberally allowed." 299 A.2d 268, 271 (1973) (emphasis in original). The Court in **Forbes** went on to explain:

> [I]n determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, the test to be applied by the trial courts is fairness and justice. If the trial court finds "any fair and just reason", withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been "substantially prejudiced."

*Id.* (internal citations and some internal quotations omitted); **see also Commonwealth v. Prendes**, 97 A.3d 337, 351-52 (Pa.Super. 2014). In **Elia**, this Court explained the rationale for the rule of liberal allowance of withdrawal of guilty pleas before sentencing:

> The policy underlying this liberal exercise of discretion is well-established: The trial courts in exercising their discretion must recognize that before judgment, the courts should show solicitude for a defendant who wishes to undo a waiver of all constitutional rights that surround the right to trial – perhaps the most devastating waiver possible under our constitution.

83 A.2d at 262 (quoting **Commonwealth v. Santos**, 301 A.2d 829, 830 (Pa. 1973)) (internal citation and quotations omitted).

In contrast, when a defendant moves to withdraw a guilty plea **after** sentencing, the standard is far more stringent. "[P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that **manifest injustice** would result if the court were to deny his post-sentence motion to withdraw a guilty plea." ***Commonwealth v. Broaden***, 980 A.2d 124, 129 (Pa.Super. 2009) (emphasis added) (internal citations and quotations omitted).

In ***Commonwealth v. Carrasquillo***, 115 A.3d 1284 (Pa. 2015), the Pennsylvania Supreme Court recently provided further guidance on the proper exercise of discretion in the context of pre-sentence requests to withdraw guilty pleas. While the Court reaffirmed the ***Forbes*** liberal-allowance standard,[2] it also observed that its own application of that standard had "lent the [false] impression that this Court had required acceptance of a bare assertion of innocence as a fair-and-just reason" to withdraw a guilty plea. ***Id.*** at 1292. "In other words, we acknowledge the

---

[2] The Court approvingly described ***Forbes*** as reflecting that

> there is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

115 A.3d at 1291-92 (footnote omitted).

legitimate perception of a *per se* rule arising from this Court's decisions." ***Id.*** While our Court shared this misimpression, ***see, e.g., Prendes***, 97 A.3d at 352 (concluding that "mere articulation of innocence [was] a 'fair and just' reason for the pre-sentence withdrawal of a guilty plea unless the Commonwealth has demonstrated that it would be substantially prejudiced"); ***Commonwealth v. Katonka****,* 33 A.3d 44, 46 (Pa.Super. 2011) (*en banc*) (same); ***Commonwealth v. Kirsch***, 930 A.2d 1282, 1285 (Pa.Super. 2007) (noting that ***Forbes*** "indicated an assertion of innocence qualified as a 'fair and just' reason"), we also observed that this *per se* approach was "apparently an extremely unpopular rule with prosecutors and trial courts," ***Kirsch***, 930 A.2d at 1285.

Rejecting the *per se* approach, our Supreme Court in ***Carrasquillo*** held that "a bare assertion of innocence is **not**, in and of itself, a sufficient reason" to grant a defendant's motion to withdraw a guilty plea. 115 A.3d at 1285 (emphasis added). The Court further stated that "a mere, bare, or non-colorable assertion of innocence is insufficient, in and of itself, to support withdrawal of a plea." ***Id.*** at 1290 n.6. Replacing the bright-line rule, the Court instructed that

> a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice.

*Id.* at 1292 (internal citation omitted). Applying this modified, liberal-allowance approach to the unusual circumstances before it, the Court affirmed the trial court's refusal to allow the defendant to withdraw his plea.

In **Carrasquillo**, the defendant was accused of sexually assaulting two minors and entered open guilty pleas to various sexual offenses, including rape, as well as other crimes. *Id.* at 1285. At the plea colloquy, the Commonwealth proffered the defendant's inculpatory statements made during interrogation, as well as identification testimony from both victims, video surveillance showing the defendant in close proximity to the victims, and DNA and fingerprint evidence linking him to the rape of one of the victims. *Id.*

Three and one-half months after entry of the guilty plea, the trial court conducted a sentencing hearing. After both the prosecution and defense had rested, the defendant: explained that he had pled guilty to spare one of the victim's suffering; expressed surprise at his portrayal during the sentencing hearing; and discussed "scenarios unrelated to the sexual assault . . . , in which the CIA purportedly had victimized him by seeking to employ him as an assassin abroad, and where a serpent assertedly appeared and '[t]he Antichrist, he came out of me[.]'" *Id.* at 1286. Eventually, "[c]laiming that he did not commit the assault against [one of the victims], [the defendant] insisted that a polygraph test would prove his innocence and asked to withdraw his guilty plea." *Id.*

The Supreme Court concluded that the trial court had acted within its discretion in denying the defendant's request. *Id.* The Court emphasized the uniqueness of the case given the defendant's "bizarre" allegations of innocence. *Id.* at 1293. It also distinguished its decisions in *Forbes* and *Commonwealth v. Woods*, 307 A.2d 880 (Pa. 1973), which held that the trial courts had abused their discretion by denying the withdrawal motions in question, "particularly in terms of the timing of the [defendant's] innocence claim." *Id.* at 1292 (noting that in *Forbes* the motion to withdraw was made one month after the plea, and in *Woods* it was made nine months before sentencing). The Court emphasized that the defendant before it had first asserted his innocence at the sentencing hearing, three and one-half months after entering his plea; that his "bizarre statements" made in association with the declaration of innocence "wholly undermined its plausibility"; and that the Commonwealth had made a strong evidentiary proffer at the plea hearing. *Id.* at 1286, 1292-93.

More recently, in *Commonwealth v. Blango*, we applied *Carrasquillo* and held that because the defendant had not made "a plausible claim of innocence[,] . . . the trial court did not abuse its discretion in declining to permit withdrawal of [his] guilty plea on that ground."[3]  150

_____

[3] We also noted that the defendant "fail[ed] to expand upon, detail, cite to the record, or otherwise develop his claim of innocence . . . , causing [that claim] to be waived." *Blango*, 150 A.3d at 48.

A.3d 45, 48 (Pa.Super. 2016). There, the defendant had entered a negotiated guilty plea, agreeing to cooperate with the Commonwealth by testifying against two of his co-defendants and by providing information about an unrelated shooting. *Id.* at 47. While the defendant did testify against his co-defendants (and in doing so further admitted his own guilt), during the trial of the unrelated case he repudiated, on the witness stand, the information he had earlier provided to the Commonwealth. *Id.* Treating the repudiation as a breach of the plea agreement, the Commonwealth submitted a sentencing memorandum, requesting that the trial court sentence the defendant to 35 to 70 years' incarceration. *Id.* The next day, having seen the Commonwealth's sentencing request, the defendant filed a motion to withdraw his guilty plea. *Id.* The trial court denied his request, and we affirmed, concluding that the defendant's assertion of innocence was implausible, particularly in light of his trial testimony admitting his role in the offense and the timing of his motion (made immediately after learning of the Commonwealth's sentencing recommendation), and instead was "an attempt to manipulate the system." *Id.* at 48 (quoting Commw's Br. at 8-9), 52.

Given the unique facts in *Carrasquillo*, the precise import of that decision in the more ordinary run of cases is unclear. While this area of the law undoubtedly will benefit from case-by-case development, *see, e.g., Blango, supra*, the *Carrasquillo* decision provides several guideposts that

bear not only on our resolution of this case but also on the proper exercise of discretion by trial courts going forward.

First, the Court squarely rejected a *per se* approach in which any pre-sentence motion to withdraw a guilty plea based on a claim of innocence must be granted. Second, nothing in **Carrasquillo** suggests that the Court intended the pendulum to swing fully in the other direction – from automatic grants to automatic denials of pre-sentence motions to withdraw. Indeed, the Court expressly reaffirmed the liberal-allowance language in **Forbes**, which continues to stand in sharp contrast to the "manifest injustice" standard for post-sentence motions to withdraw. Third, the Court directed trial courts to distinguish between "mere, bare, or non-colorable" assertions of innocence on the one hand and those that are "at least plausible" on the other. Fourth, as trial courts undertake the task of making that distinction, both the timing and the nature of the innocence claim, along with the relationship of that claim to the strength of the government's evidence, are relevant.[4] In addition, in his concurring opinion in **Carrasquillo**, then-Justice Stevens added that trial courts assessing the credibility of an

---

[4] In **Commonwealth v. Hvizda**, a companion case to **Carrasquillo**, our Supreme Court concluded that the defendant's claim of innocence amounted to a "bare assertion" where he "stated he was innocent, but he offered no evidence," and where the Commonwealth presented audiotapes of his telephone conversations from prison in which he admitted to the murder and "deserve[d] what [he was] gonna get," but wanted a trial only to "get some of the story out." 116 A.3d 1103, 1104, 1107 (Pa. 2015).

accused's assertion of innocence should also consider any "ulterior or illicit motive" for the motion to withdraw. *Carrasquillo*, 115 A.3d at 1293 (Stevens, J., concurring); *accord Commonwealh v. Tennison*, 969 A.2d 572, 573 (Pa.Super. 2009).

We further note that because "it is necessary for a criminal defendant to acknowledge his guilt during a guilty plea colloquy prior to the court's acceptance of a plea, such an incongruity will necessarily be present in all cases where an assertion of innocence is the basis for withdrawing a guilty plea." *Katonka*, 33 A.3d at 49 (quoting *Kirsch*, 930 A.3d 1286). Thus, a defendant's participation in a guilty plea may not be used to negate his later assertion of innocence when seeking to withdraw. *See id.* at 50; *see also Kirsch*, 930 A.2d at 1286 (stating that "it is clear that acknowledging guilt at the plea colloquy does not prevent the later withdrawal upon a later inconsistent assertion of innocence"). To conclude otherwise would convert the liberal-allowance standard into a rule of automatic denial.

Applying the foregoing principles to this case, we conclude that the trial court erred in refusing to allow Islas to withdraw his plea. We note first that the trial court, while citing *Carrasquillo*, applied the incorrect standard in denying the motion to withdraw. Rather than following *Carrasquillo*'s liberal-allowance, **pre-sentence** standard, the trial court applied the far more exacting **post-sentence** standard of "manifest injustice." *See* Trial Court Opinion, 6/23/2016, at 2 (unpaginated) ("1925(a) Op.") (finding that

- 10 -

Islas "did not prove that withdrawal was necessary to correct a manifest injustice"). Defendants in Islas' position, however, need not meet such a standard, but only must proffer a "fair and just reason" for withdrawal. Under the circumstances of this case, Islas' assertion of innocence constituted such a fair and just reason.

Islas' assertion of innocence, unlike that of the defendants in **Carrasquillo** and **Blango**, was not "mere, bare, or non-colorable" but instead was "at least plausible." At the hearing on his motion to withdraw, Islas testified that: he did not engage in the charged conduct; he had maintained his innocence when interviewed by law enforcement; had the conduct occurred as alleged, it would have been witnessed by other campers and counselors in the cabin at the time; the victim had a motive to fabricate the charges; the victim had delayed in reporting the first incident; and Islas was of good character, had no criminal record, and had never received a similar complaint in the many years he had been working in the field. N.T., 2/25/16, at 5-11. Islas further testified that his new counsel had explained to him, as prior counsel had not, his available defenses, including his ability to call character witnesses on his behalf. *Id.* at 6-7.

A defendant seeking to withdraw his or her plea before sentencing need not prove his or her innocence. The defendant need only proffer a "colorable" or "plausible" claim of innocence, which Islas has surely done. Our conclusion is reinforced when we examine the other factors deemed

relevant by **Carrasquillo**. Islas moved to withdraw his plea just over one month after its entry and almost two months before sentencing. Moreover, neither the Commonwealth nor the trial court identified any "ulterior or illicit motive" for the motion or any effort to game the system. Instead, the motion appears to have been triggered, at least in part, by new and different advice from new counsel. Finally, in contrast to **Carrasquillo**, the Commonwealth's case seems to rest chiefly on the testimony of the victim, and nothing about that evidence "wholly undermines [the] plausibility" of Islas' claim of innocence.

That Islas' claim of innocence may fail at trial is not a valid ground for denying his motion. In **State v. Munroe**, cited with approval in **Carrasquillo**, 115 A.3d at 1290 n.6, the New Jersey Supreme Court held that a trial court's conclusion that a defendant's claim of innocence was unlikely to succeed was irrelevant, "for the ultimate goal [in evaluating a motion to withdraw a guilty plea] is to ensure that legitimate disputes about the guilt or innocence of a criminal defendant are decided by a jury." 45 A.3d 348, 356 (N.J. 2012). As we explained in **Elia**, "trial courts in exercising their discretion must recognize that before judgment, the courts should show solicitude for a defendant who wishes to undo a waiver of all constitutional rights that surround the right to trial – perhaps the most devastating waiver possible under our constitution." 83 A.2d at 262 (quoting **Santos**, 301 A.2d at 830) (internal quotations omitted); **accord**

*Commonwealth v. Hvizda*, 116 A.3d 1103, 1106 (Pa. 2015) ("[T]he main reason the Court has repeatedly invoked in support of the liberal allowance of presentence withdrawal of pleas is to safeguard defendants' trial rights.").

Based on the facts of this case, we conclude that Islas is entitled to such solicitude because his colorable claim of innocence constitutes a "fair and just" reason for withdrawal of his plea. Nevertheless, he was not entitled to withdraw his plea if, at the time of the motion, such withdrawal would have "substantially prejudiced" the Commonwealth. *See Forbes*, 299 A.2d at 271; *Blango*, 150 A.3d at 51. We turn, therefore, to the Commonwealth's claim that it would be substantially prejudiced were Islas permitted to withdraw his plea.

In *Blango*, this Court set forth the governing standard for measuring substantial prejudice:

> Even if there is a 'fair and just reason' to permit withdrawal of a guilty plea, withdrawal should not be permitted if the prosecution has been 'substantially prejudiced.' It is settled law that "prejudice," in the withdrawal of a guilty plea context, requires a showing that, due to events occurring after the plea was entered, the Commonwealth is placed in a worse position than it would have been had trial taken place as scheduled.

150 A.3d at 51 (internal citations and some quotation marks omitted). We further explained that while

> there exists little case law explaining what constitutes prejudice in the withdrawal of a guilty plea context. . . . , it would seem that prejudice would require a showing that due to events occurring after the plea was entered, the

- 13 -

Commonwealth is placed in a worse position than it would have been had trial taken place as scheduled. This follows from the fact that the consequence of granting the motion is to put the parties back in the pre-trial stage of proceedings. This further follows from the logical proposition that prejudice cannot be equated with the Commonwealth being made to do something it was already obligated to do prior to the entry of the plea.

*Id.* at 52 (quoting *Kirsch*, 930 A.2d at 1286) (footnote omitted). In assessing a claim of substantial prejudice, we focus on whether there was a material change in circumstances between a defendant's guilty plea and his motion to withdraw. *Commonwealth v. Gordy*, 73 A.3d 620, 627 (Pa.Super. 2013). In other words, the question before us is whether, at the time Islas moved to withdraw his plea, the prosecution would have been substantially prejudiced by being required to try its case.[5]

Islas entered his guilty plea on January 8, 2016, three days before trial was set to begin and before a jury had been selected. He filed his motion to withdraw less than five weeks later, on February 11, 2016, the same day new counsel entered his appearance. At the hearing on the motion to withdraw, when discussing whether the witnesses would be available to testify, the Commonwealth did not argue that securing the witnesses would

---

[5] Any additional prejudice occasioned by the time elapsed between the trial court's denial of the motion to withdraw and the disposition of this appeal (or an eventual trial) is irrelevant to the question presented here. Such prejudice is the product of the denial of the motion to withdraw, not of the request to withdraw itself.

be a problem. Despite the Commonwealth's failure to assert **any** prejudice, let alone substantial prejudice, the trial court, in its Rule 1925(a) opinion, found substantial prejudice on the following grounds:

> [A]llowing [Islas] to withdraw his [guilty plea] at this juncture would prejudice not only the prosecution, but also the victim of the crime. The victim of this crime experienced closure as a result of [Islas'] admission of guilt and his subsequent sentence. To allow [Islas] to withdraw his plea at this juncture would require the victim to reopen wounds that began to heal. . . . Furthermore, the Commonwealth would attempt to call at least 5 witnesses who live in another state, and given the fact that this crime involved a child, it is difficult to know how cooperative this victim would be at trial, as well as any witnesses for the victim.

1925(a) Op. at 3-4.

The trial court's finding of substantial prejudice is unsupported by the record in this case. The Commonwealth affirmatively chose not to present evidence concerning witness availability at the hearing, resting instead on the argument that Islas had not offered a fair and just reason to withdraw his plea. To the contrary, the Commonwealth suggested that it had no reason to believe it would be unable to present its witnesses at trial:

> [Prosecutor]: Your Honor, I don't think I have a burden to do anything regarding availability of witnesses and whatnot until it is shown that he has a fair and just reason to withdraw his plea. I will say, for the record, that as far as I know all of these people are living and well. I have no reason to – I know the victim is [be]cause I talked to his parents within the last two weeks. I, you know, I worry about the guy in Florida but I, you know, we'll cross that bridge when we get to it, I guess.

N.T., 2/25/16, at 16. The Commonwealth, having chosen not to proffer evidence of substantial prejudice below, cannot establish such prejudice on this record, based on mere speculation in an appellate brief.[6] To be clear, the relevant time for measuring prejudice to the Commonwealth is at the filing of the motion to withdraw, which in this case was roughly one month after trial was originally scheduled or, at the latest, the time of the hearing on the motion to withdraw; it is not after sentencing or when the issue has reached this Court on appeal. Absent any evidence of a material change in circumstances between January 8, 2016, when the plea was entered, and February 25, 2016, when the trial court held the hearing on Islas' motion to withdraw, we have no choice but to conclude that the trial court abused its discretion in finding substantial prejudice to the Commonwealth.

One additional aspect of the trial court's analysis merits further discussion. The trial court expressed understandable concern that allowing Islas to withdraw his plea would adversely affect the victim, who likely had experienced some closure following the entry of Islas' plea of guilty. Undoubtedly, uncertainty over the need to testify could have a powerful,

_____

[6] The Commonwealth presented no evidence (nor did it argue to the trial court) that Islas' withdrawal of his guilty plea would change the witnesses' availability or their willingness to testify. *See Kirsch*, 930 A.2d at 1286 ("There is no indication that [the victim] cannot be subpoenaed and put on the witness stand."). Furthermore, that some of these witnesses are from out-of-state was as true on the originally scheduled trial date as it was one month later when Islas moved to withdraw his plea.

negative impact on any crime victim. But in the absence of actual evidence of an adverse impact on the Commonwealth's ability to try this particular case, such speculation does not supersede a defendant's constitutional right to a trial.

In sum, we conclude that the trial court abused its discretion in not allowing Islas to withdraw his guilty plea.

Judgment of sentence vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/24/2017