J-S37001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PAUL DONALD WHISNER | |
| Appellant | No. 1202 MDA 2016 |

Appeal from the Judgment of Sentence June 30, 2016
In the Court of Common Pleas of Cumberland County
Criminal Division at No: CP-21-CR-0000738-2015

BEFORE: STABILE, MOULTON, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 22, 2017**

Appellant, Paul Donald Whisner, appeals from the June 30, 2016 judgment of sentence entered in the Court of Common Pleas of Cumberland County ("trial court") sentencing him to an aggregate sentence of 18 to 40 years' incarceration for rape of a child and involuntary deviate sexual intercourse with a child under the age of 13 ("IDSI").[1] Appellant is challenging the trial court's denial of his motion to withdraw his no contest plea. Upon review, we affirm.

Appellant was charged with eleven counts, including rape of a child and IDSI, in February 2015. Following a number of continuance requests by Appellant, he certified that he was ready for trial at the December 8, 2015

_____

[1] 18 Pa.C.S.A. §§ 3121(c) and 3123(b), respectively.

pre-trial conference. Appellant was provided with plea offers by the Commonwealth. The trial court summarized the relevant procedural history of the matter as follows.

Appellant's case was called for trial on December 15, 2015. Due to a scheduling conflict, a new assistant district attorney was selected to prosecute the Commonwealth's case. On the morning of December 15, 2015, with the jury panel in the courthouse and the Commonwealth's witnesses present and prepared for trial, Appellant accepted a new plea offer made by the Commonwealth. In exchange for a plea of *nolo contendere*, nine of the eleven charges against Appellant were dropped, leaving the above-captioned charges. Appellant pled to these charges. Sentencing was scheduled for March 29, 2016.

Following entry of Appellant's plea, an assessment by the Pennsylvania Sexual Offender Assessment Board (hereinafter, "SOAB") was ordered. The SOAB Report was completed on February 22, 2016, received by the Commonwealth on February 24, 2016, and Appellant's counsel was notified of the report on February 26, 2016. Upon receipt of the SOAB report, the Commonwealth requested a hearing to determine whether Appellant was a sexually violent predator. The hearing was scheduled for April 08, 2016, and Appellant's date of sentencing was rescheduled to April 08, 2016, following the sexually violent predator hearing.

On April 07, 2016, Appellant's counsel indicated that Appellant wished to withdraw his pleas of *nolo contendere*. Given the last-minute nature of this notification, Appellant's sentencing was immediately continued until May 31, 2016, while Appellant was directed to file a written motion to withdraw his *nolo contendere* pleas on or before April 13, 2016. Appellant did file his motion later in the day on April 07, 2016, and the Commonwealth filed a timely response. Appellant's sexually violent predator hearing was continued.

After consideration of Appellant's motion and the Commonwealth's response, a hearing was scheduled for June 17, 2016. All further action on the case, including sentencing, was continued generally. Following the hearing on June 17, 2016, Appellant's motion was denied by order of court dated June 17,

2016. After denial of Appellant's motion, a hearing was held on June 30, 2016, wherein the [trial court] heard the testimony and evidence presented by both parties regarding whether Appellant was a sexually violent predator. As reflected in the order of court entered on June 30, 2016, it was found that the Commonwealth proved by clear and convincing evidence that Appellant was a sexually violent predator.

Appellant appealed the decision of [the trial court] by filing his notice of appeal on July 22, 2016. Appellant was granted leave to proceed *in forma pauperis*, and was directed to file a concise statement of errors complained of on appeal by August 12, 2016. Appellant's concise statement of errors, raising only one error for appellate review was received on August 12, 2016[.]

Trial Court Opinion, 10/3/16, at 2-4 (unnecessary capitalization omitted) (emphasis in original). The trial court issued a Pa.R.A.P. 1925(a) opinion on October 3, 2016.

Appellant raises a sole issue on appeal, "did the trial court abuse its discretion and thereby err in denying Appellant's motion to withdraw his *nolo contendere* pleas?" Appellant's Brief at 6.

Our standard of review for a trial court's decision regarding a presentence motion to withdraw a guilty or *nolo contendere* plea is to determine whether the trial court abused its discretion. ***Commonwealth v. Islas***, 156 A.3d 1185, 1187 (Pa. Super. 2017) (citing ***Commonwealth v. Elia***, 83 A.3d 254, 261 (pa. Super. 2013)). Our rules of Criminal Procedure provide that "at any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A). However,

- 3 -

[t]here is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

*Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1291-92 (Pa. 2015) (citing *Commonwealth v. Forbes*, 299 A.2d 268, 271 (Pa. 1973)) (footnote omitted).

In *Carrasquillo*, our Supreme Court held that to withdraw a guilty plea prior to sentencing, a defendant must assert more than a mere claim of innocence. *Id.* at 1293. The defendant in *Carrasquillo* pled guilty to a number of offenses including rape. *Id.* at 1285. During the plea colloquy, the Commonwealth proffered significant evidence against the defendant. *Id.* Following a SVP hearing, the defendant testified that he wanted to spare the victim from testifying, he was innocent, had been framed, and that "the CIA purportedly had victimized him by seeking to employ him as an assassin abroad, and where a serpent assertedly appeared and '[t]he Antichrist, he came out of me.'" *Id.* at 1286. Our Supreme Court found that the trial court acted within its discretion when it denied the defendant's motion to withdraw his plea, noting the bizarre statements by the defendant combined with his declaration of innocence "wholly undermined its plausibility, particular in light of the Commonwealth's strong evidentiary proffer at the plea hearing." *Id.* at 1293.

In the matter *sub judice*, Appellant is arguing that unlike in **Carrasquillo**, he raised an innocence claim and "provided the trial court with fair-and-just reasons for the pre-sentence withdrawal of his *nolo contendere* pleas." Appellant's Brief at 12 (capitalization omitted). Appellant's brief fails to discuss what the fair and just reasons claimed that would warrant the withdrawal of his *nolo contendere* pleas; thus, Appellant's argument is waived. **See Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citations omitted).

Even if Appellant's claim was not waived, it is meritless. The trial court noted that Appellant sought to withdraw his plea "because he felt pressured to plead out and because he believed that he would be released from prison in December if he pled." Trial Court Opinion, 10/3/16, at 6 (footnotes omitted). The trial court found Appellant's belief he would be released from prison as a result of the plea inconceivable.[2] Moreover, Appellant discussed a possible sentence with his attorney; thus, the trial court found that he could not have reasonably believed this to be the case.

_____

[2] Appellant was facing a maximum of 40 years' incarceration on each offense. Further, the trial court sentenced Appellant to a standard range sentence.

Upon review, we find that the trial court did not abuse its discretion when denying Appellant's motion to withdraw his *nolo contendere* plea.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2017