J-S05017-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMATUL ALMUTAKAB SHARIF | : | |
| | : | |
| Appellant | : | No. 1131 MDA 2019 |

Appeal from the Judgment of Sentence Entered June 21, 2019,
in the Court of Common Pleas of Luzerne County,
Criminal Division at No(s): CP-40-CR-0002763-2016.

BEFORE: SHOGAN, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED APRIL 03, 2020**

Amatul Almutakab Sharif appeals from the judgment of sentence entered following his guilty plea. Because Sharif did not allege a sufficient reason in asking to withdraw his guilty plea, but merely made a bare assertion of innocence, we affirm.

On May 13, 2016, Sharif was charged with multiple offenses, including statutory sexual assault, involuntary deviate sexual intercourse, corruption of minors, unlawful contact with a minor, endangering the welfare of children, and indecent assault.[1] These charges arose from Sharif engaging in sexual activity with his step-daughter, who was 15 years old.

---

[1] 18 Pa.C.S.A. §§ 3122.1(a)(1), 3123(a)(7), 6301(a)(1), 6318(a)(1), 4304 (a)(1), and 3126(a)(8).

At the preliminary hearing, Sharif signed an agreement to plead guilty to involuntary deviate sexual intercourse, unlawful contact with a minor, and endangering welfare of children. On October 5, 2016, the Commonwealth filed an amended information containing only these three charges. Subsequently, Sharif decided not to plead guilty. On June 27, 2017, the Commonwealth again amended its information to reflect the original charges.

Sharif's trial was to begin on October 29, 2018. However, once he saw that the victim showed up for trial, he decided to enter a plea. Sharif plead guilty to unlawful contact with a minor and corruption of minors. Sentencing was continued several times.

On March 27, 2019, Sharif filed a motion to withdraw his plea claiming that he was not guilty of the charges. At the hearing on this motion, Sharif testified that he was innocent and pled guilty only because he was pressured by his attorney as well as his wife. He also admitted to signing the guilty plea agreement in October 2018 and lying to the court during the guilty plea colloquy. The trial court denied Sharif's motion to withdraw his guilty plea.

On June 21, 2019, the trial court imposed a sentence of 120 to 240 months on the unlawful contact with a minor charge and a concurrent sentence of 21 to 42 months on the corruption of minors charge.

Sharif timely appealed. Both Sharif and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Sharif raises a single issue:

> 1. Whether the trial court committed an abuse of discretion and/or error of law by refusing to permit [Sharif] to withdraw his guilty plea.

Sharif's Brief at 1.

We note that we review a trial court's ruling on a pre-sentence motion to withdraw a guilty plea for an abuse of discretion. **Commonwealth v. Islas**, 156 A.3d 1185, 1187–88 (Pa. Super. 2017). Pre-sentence withdrawal of a guilty plea is governed by Pennsylvania Rule of Criminal Procedure 591(A), which provides:

> (A) At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or nolo contendere and the substitution of a plea of not guilty.

Pa.R.Crim.P. 591(A). The official comment to Rule 591 provides: "After the attorney for the Commonwealth has had an opportunity to respond, a request to withdraw a plea made before sentencing should be liberally allowed." **Id.** cmt. However, a defendant does not have an absolute right to such relief. In **Commonwealth v. Carrasquillo**, 115 A.3d 1284 (Pa. 2015), our Supreme Court clarified that "a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant" a pre-sentence motion to withdraw. **Id.** at 1285. Rather, the Court concluded that

> a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains

- 3 -

extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

*Id.* at 1292. Thus, the ***Carrasquillo*** Court established that trial courts possess discretion to assess the plausibility of a defendant's claim of innocence. In doing so, "both the timing and the nature of the innocence claim, along with the relationship of that claim to the strength of the government's evidence, are relevant." ***Islas***, 156 A.3d at 1191.

> Consistent with the well-established standards governing trial court discretion, it is important that appellate courts honor trial courts' discretion in these matters, as trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice.

***Commonwealth v. Norton***, 201 A.3d 112, 121 (Pa. 2019).

Upon review of the record, we conclude that the trial court did not abuse its discretion in denying Sharif's motion to withdraw his guilty plea. As observed by the trial court, Sharif offered nothing more than a bald assertion of innocence. Trial Court Opinion, 9/10/19, at 4. The trial court explained:

> Other than making an unsubstantiated claim that he was pressured into pleading guilty, [Sharif] presented no plausible argument that he was innocent and he failed to demonstrate a fair and just reason for the withdrawal of his plea. [Sharif] made no colorable demonstration that permitting the withdrawal of his plea would promote fairness and justice. He had more than two years to decide whether to proceed to trial or enter a plea. [Sharif's] innocence claim was nothing more than an attempt to further delay the imposition of justice.

*Id.*

- 4 -

In reviewing the record, we further note that, in his motion to withdraw his guilty plea, Sharif merely asserted that he was not guilty of the crimes charged. He did not raise any other facts or cite specific circumstances that could have provided a basis for the court to find a sincere or plausible claim of innocence. He did not endeavor to argue the strength of the Commonwealth's evidence. Again, at the hearing on his motion, Sharif proffered nothing more than a statement that he was innocent. Although he claimed that he had maintained his innocence all along, he never informed the court of this. He claimed that he entered the plea because he felt pressured by his wife and attorney to enter the plea. During his guilty plea, however, he never told the court that he felt pressured; instead, he confirmed to the court that he was not pressured and was acting voluntarily.

Accordingly, we conclude that the trial did not err in refusing to grant Sharif's motion to withdraw his guilty plea.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/03/2020

- 5 -