J-S21014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
VALDEZ MATTHEWS   :
  :
Appellant   :   No. 2290 EDA 2020

Appeal from the Judgment of Sentence Entered October 27, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001237-2020

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.[*]
MEMORANDUM BY BOWES, J.:          **FILED JULY 28, 2021**

Valdez Matthews appeals *pro se* from his October 27, 2020 judgment of
sentence of eleven months and fifteen days to twenty-three months of
incarceration followed by three years of probation, which was imposed after
Appellant pled guilty to robbery—threat of immediate bodily injury.  We affirm.

On January 23, 2020, Appellant physically accosted the victim, Carolyn
Metcalf, and attempted to steal her cell phone in Philadelphia, Pennsylvania.
He was charged with a number of different offenses by criminal information,
including robbery, conspiracy, simple assault, and receiving stolen property.
After counsel was appointed to represent Appellant, he pled guilty to one count
of robbery—threat of immediate bodily injury in exchange for the withdrawal

_____

[*] Retired Senior Judge assigned to the Superior Court.

of the remaining charges and a sentencing recommendation from the Commonwealth to the term of incarceration noted above. The Commonwealth also recommended that Appellant be granted immediate parole. *See* N.T. Guilty Plea, 10/27/20, at 6. After conducting a full colloquy, the trial court accepted Appellant's guilty plea and imposed the recommended sentence. *Id*. at 11-12. No post-sentence motions were filed. On November 6, 2020, the day Appellant's time to file post-sentence motions expired, the trial court granted trial counsel leave to withdraw.

On November 18, 2020, Appellant filed a timely *pro se* notice of appeal. Instead of conducting a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant did not comply with this order and the trial court filed a Rule 1925(a) opinion stating its belief that all claims were, therefore, waived.

On March 8, 2021, this Court remanded the case to the trial court with instructions "to conduct an on-the-record determination as to whether Appellant wants to proceed *pro se*." Order, 3/8/21. On remand, appellate counsel was appointed to represent Appellant after he declined to represent himself. Order, 3/29/21. Counsel was also provided with an opportunity to file a supplemental Rule 1925(b) statement. Thereafter the trial court filed a supplemental Rule 1925(a) opinion addressing the merits of Appellant's claim.

Appellant has raised a single issue for our consideration: "Based on the totality of the circumstances, did [Appellant] knowingly, voluntarily, and intelligently enter a plea of guilty to Robbery-Inflict Threat of Immediate Bodily Injury?" Appellant's brief at 6. Appellant has challenged the validity of his guilty plea by asserting "that [he] did not understand the [nature] of the charges to which he was pleading, *i.e.*, robbery, and no factual basis was established by the lower court for the crimes [sic] to which he pled."[1] *Id*. at 18-19. Although Appellant "admitted to taking someone's wallet without their permission," he argues that there was no specific factual recitation or admission made concerning "use of force" during his commission of this crime. *Id*. at 19; *see also* 18 Pa.C.S. § 3701(a)(1). Appellant asserts that the trial court erred by accepting his guilty plea without a sufficient factual basis. Thus, Appellant requests we vacate his judgment of sentence and award him a new trial. Despite some ambiguity in the structuring of his claim for relief, it is clear he desires to withdraw his guilty plea.

Our standard of review in this context is well-established:

_____

[1] Although framed as a challenge to the validity of his guilty plea, much of Appellant's argument touches upon issues implicating the sufficiency of the evidence adduced by the Commonwealth. *See* Appellant's brief at 19 ("At best, when the court tried to establish the factual basis for the robbery, Appellant only admitted to committing theft by unlawful taking, since there was no mention of the use of force."). "[U]pon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa. 2014) (cleaned up).

[B]efore judgment, the courts should show solicitude for a defendant who wishes to undo a waiver of all constitutional rights that surround the right to trial—perhaps the most devastating waiver possible under our constitution.

In contrast, when a defendant moves to withdraw a guilty plea **after** sentencing, the standard is more stringent. Post-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that **manifest injustice** would result if the court were to deny his post-sentence motion to withdraw a guilty plea.

*Commonwealth v. Islas*, 156 A.3d 1185, 1188 (Pa.Super. 2017) (cleaned up; emphasis in original). Thus, post-sentence requests to withdraw a guilty plea are subject to an elevated standard of proof.

However, Appellant neglected to assail the factual basis for his plea during the trial court's colloquy, and he filed neither a pre-sentence, nor a post-sentence, motion to withdraw his guilty plea. Rather, he raised these concerns for the first time in his Rule 1925(b) statement. This Court has previously held that a defendant cannot obtain review of a claim seeking to withdraw his guilty plea when he "failed to preserve it properly by either objecting during the plea colloquy or filing a post-sentence motion to withdraw the plea." *Commonwealth v. Lincoln*, 72 A.3d 606, 611 (Pa.Super. 2013) (citing Pa.R.Crim.P. 720(B)(1)(a)(i)); *see also* Pa.R.A.P. 302(a).

Accordingly, we decline to review Appellant's challenge to the validity of his plea. Appellant has waived this claim for relief.[2]

---

[2] While we make no comment on the merits of Appellant's arguments, we note that Appellant pled guilty to robbery involving the **threat** of immediate

*(Footnote Continued Next Page)*

Judgment of sentence affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date: 7/28/2021*

---

bodily injury, as opposed to the use of force.  **See** 18 Pa.C.S. § 3701(a)(1)(ii). Accordingly, his arguments concerning the lack of factual recitations regarding his use of force does not seem relevant to the crime with which he was charged and to which he confessed in open court.