J-A05015-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAVIER JOSELI RODRIGUEZ | : | |
| | : | |
| Appellant | : | No. 1239 EDA 2025 |

Appeal from the Judgment of Sentence Entered January 21, 2025
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0000938-2023

BEFORE:  KUNSELMAN, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED APRIL 29, 2026**

Javier Rodriguez appeals from the judgment of sentence imposed following his guilty plea to aggravated assault.  We affirm.

On November 3, 2022, police arrested Rodriguez for aggravated assault, charged as a first-degree felony, as well as multiple related charges, after they responded to a domestic dispute.  Although trial was originally scheduled for November 13, 2023, it was continued several times for various reasons.  On July 8, 2024, the date scheduled for trial, Rodriguez agreed to enter an open plea to aggravated assault as a second-degree felony.[1]  In return, the Commonwealth agreed not to pursue the remaining charges.

At the plea hearing, Rodriguez acknowledged that he had completed a written guilty plea colloquy and the trial court engaged him in an oral plea

_____

[1] 18 Pa.C.S.A. § 2702(a)(4).

colloquy. During the oral colloquy, the Commonwealth provided a factual basis for the plea, which we summarize as follows. When police responded to the scene on September 23, 2022, they spoke with Nadine Rivera (the victim). She indicated that her boyfriend, Rodriguez, had appeared at her residence the prior evening. At that time, several people were present in the home, including her two children, Shamika Clay, Shamika Clay's boyfriend, Steven Rosa, as well as Nadine's cousin, Jaishaun Scott.

Rodriguez appeared intoxicated when he came inside the house. Ultimately, he brandished a kitchen knife and ordered everyone into the children's bedroom. While in the bedroom, Rodriguez struck the victim with his fist in her face and around her body. Eventually, everyone was released from that bedroom. Rodriguez then grabbed a glass liquor bottle out of the kitchen and struck the victim with the bottle several times. The victim went into the bathroom at some point and turned on the bathtub faucet. Rodriguez went into the bathroom, and held the victim's head under the running water. Steven Rosa came in at that point, intervened and stopped Rodriguez. Rodriguez then grabbed the metal towel bar off of the towel rack and struck the victim with it.

At some point, Rodriguez asked the victim to lay down on the floor. He then put a knife to her neck, and told her to "kiss her children goodbye." When the victim got up to do so, she was able to push Steven Rosa into Rodriguez and escape the apartment. The victim ran into the streets, essentially jumped in front of a car, and found someone that let her call the

police. The victim went to the hospital, where photographs were taken of injuries to her head, arms, back, and legs. *See*, N.T., 7/8/24, at 12-13.

Following recitation of the above facts, Rodriguez responded yes, when the trial court asked him if he understood that "by pleading guilty [he was] admitting that the [Commonwealth could] prove what [it] just explained[.]" *Id.* at 14. Ultimately, the trial court concluded that Rodriguez had "tendered a knowing, intelligent, and voluntary plea[.]" *Id.* at 16.

The trial court scheduled sentencing for September 18, 2024. On September 13, 2024, Rodriguez file a motion to withdraw his guilty plea, in which he asserted his innocence and claimed that he had a defense to the original charges. On November 6, 2024, the trial court held an evidentiary hearing, at which Rodriguez and a defense investigator testified. The investigator testified that he interviewed Steven Rosa at the county prison. According to the investigator, Rosa would testify that he witnessed the domestic dispute at issue and would testify that the victim grabbed a knife and threatened to harm herself. *See* N.T, 11/6/24, at 28. The investigator further testified that Rosa stated that "he would never stand by and let another man hit a female or abuse a female in any way." *Id.* at 29. Rosa also told the investigator that he did not see Rodriguez assault the victim. *Id.* At the hearing's conclusion, the trial court denied Rodriguez's motion.

After a sentencing hearing held on January 21, 2025, the trial court imposed a sentence of five to ten years of imprisonment. Rodriguez filed a timely post-sentence motion, which the trial court denied. This appeal

followed. Both Rodriguez and the trial court have complied with Appellate Rule 1925.

Rodriguez raises the following issue on appeal:

Did the [trial court] abuse its discretion in violation of Pa.R.Crim.P. 591(A) in denying [Rodriguez's] motion to withdraw a guilty plea filed on September 13, 2024, prior to the sentencing hearing which was scheduled for September 18, 2024, in that [Rodriguez] presented a sincere and plausible claim of innocence having established by his testimony and that of an investigator employed by the defense presented at a hearing held on November 6, 2024, that he had located an eyewitness to the events resulting in his arrest whose testimony offered corroboration of [Rodriguez's] assertions that he did not assault [the victim]?

Rodriguez's Brief at 4 (excess capitalization omitted).

We review a trial court's ruling on a pre-sentence motion to withdraw a guilty plea for an abuse of discretion. *Commonwealth v. Islas*, 156 A.3d 1185, 1187 (Pa. Super. 2017). Pre-sentence withdrawal of a guilty plea is governed by Pennsylvania Rule of Criminal Procedure 591(A), which provides:

(A) At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty.

Pa.R.Crim.P. 591(A). The official comment to Rule 591 provides: "After the attorney for the Commonwealth has had an opportunity to respond, a request to withdraw a plea made before sentencing should be liberally allowed." *Id.* cmt. However, a defendant does not have an absolute right to such relief. In *Commonwealth v. Carrasquillo*, 115 A.3d 1284 (Pa. 2015), our Supreme

- 4 -

Court clarified that "a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant" a pre-sentence motion to withdraw. *Id.* at 1285. Rather, the Court concluded:

> a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

*Id.* at 1292 (internal citation omitted). Thus, the ***Carrasquillo*** Court established that trial courts still have discretion to assess the plausibility of a defendant's claim of innocence. In doing so, "both the timing and the nature of the innocence claim, along with the relationship of that claim to the strength of the government's evidence, are relevant." ***Islas***, 156 A.3d at 1190.

> Consistent with the well-established standards governing trial court discretion, it is important that appellate courts honor trial courts' discretion in these matters, as trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice.

***Commonwealth v. Norton***, 201 A.3d 112, 121 (Pa. 2019).

On appeal, Rodriguez claims that the trial court abused its discretion in denying his request to withdraw his guilty plea prior to sentencing and proceed to trial. Specifically, he argues that the trial court abused its discretion by concluding that his claim of innocence was implausible because the court

"rejected the value of the proposed testimony of [Rosa] primarily because [Rosa] was being held in custody due to an open homicide charge." Rodriguez's Brief at 11-12. According to Rodriguez, the trial court abused its discretion because it evaluated the evidence he put forth at the evidentiary hearing, "not in terms of plausibility, but by substituting its analysis for that of prospective jurors." *Id.* at 12. Rodriguez's Brief at 12. Rodriguez contends that this credibility determination constitutes an abuse of discretion and, therefore, this Court "has a duty to reverse the judgment of the [trial] court." *Id.* We disagree.

As noted above, when determining the plausibility of a claim of innocence, the trial court must make credibility determinations. *Norton*, *supra*. Here, the court noted the interplay between these principles and found that Rodriguez did not meet his burden of asserting a plausible claim of innocence. The court first described Rodriguez's innocence claim in relation to the other evidence available to the Commonwealth:

> The eyewitness, Steven Rosa, was <u>not</u> "discovered," but was known known by all parties. However, after the assault on the victim in this case . . . [Rosa] was arrested on an unrelated charge of criminal homicide, and is currently awaiting trial. [Rodriguez], during the motion to withdraw hearing, acknowledged that he and [Rosa] conversed while in Lehigh County Jail.
>
> ***
>
> [Rodriguez], at the motion to withdraw guilty plea hearing, made a "bare assertion of innocence" in the face of evidence documenting a vicious assault on [the victim]. Ms. Rivera was the victim of the assault, but others, like Ms. Clay [and Mr. Scott] witnessed the attack [and gave statements to the police consistent with the victim's version of the assault]. Other

evidence, including [photographs] and probably hospital records, corroborated the assault on [the victim].

The best [Rodriguez] could present to support his motion to withdraw was an investigator . . who spoke with Steven Rosa. Mr. Rosa did not testify at the hearing. Mr. Rosa told him that [the victim] got angry at [Rodriguez], started crying, "grabbed a knife and threatened herself.["]

Trial Court Opinion, 6/17/25, at 2-4 (excess capitalization and footnotes omitted).

The court then explained why it denied Rodriguez's pre-sentence motion to withdraw his guilty plea:

[Rodriguez] only made a bare assertion of innocence. **See** [**Norton**, 201 A.2d at 122]. The potential testimony of Steven Rosa, who is facing homicide charges borders on the absurd. The suggestion that [the victim] held a knife to her own throat and then fled from her home seeking police assistance is preposterous. It also fails to explain how she suffered injuries to her body. Although not explained, [Rodriguez] would probably claim they were self-inflicted. [Rodriguez] has completely failed to present a plausible claim of innocence. **See Carrasquillo**, 115 A.3d at 1287 (Claim of innocence premised on an explanation that he had been framed in an elaborate scheme orchestrated by the CIA was implausible).

"Both the timing and nature of the innocence claim, along with the relationship of that claim to the strength of the government's evidence are relevant." [**Islas**, 156 A.3d at 1190]. All of these factors support the exercise of [the trial court's] discretion in denying [Rodriguez's] motion. The Commonwealth's evidence, as explained earlier, supported the charge of aggravated assault as well as the other charges not pursued. [Rodriguez's] claim of innocence paled in comparison to the strength of the Commonwealth's case. Additionally, [Rodriguez's] plea was entered during the week scheduled to commence his trial [in September 2024]. The assault itself happened on September 23, 2022, and [Rodriguez] was not rushed into entering his plea. He had enough time to evaluate his options.

Trial Court Opinion, 6/17/25, at 5-6 (excess capitalization and footnote omitted).[2]

We discern no abuse of discretion. **Norton**, **supra**. Consistent with the pertinent case law, the trial court in this case made a credibility determination regarding the plausibility of Rodriquez's claim of innocence in conjunction with the strength of the Commonwealth's case against him. This determination did not directly assess Rosa's credibility, let alone reject it because he is incarcerated awaiting a homicide trial. Indeed, as the trial court noted, Rosa did not testify at the motion to withdraw hearing, and therefore, his credibility was not assessed. Rather, the trial court assessed Rodriguez's credibility, in rejecting the plausibility of his claim of innocence, when weighed against the Commonwealth's other potential witnesses who gave statements to police corroborating the victim's version of the assault.

In sum, we conclude that the trial court did not abuse its discretion in denying Rodriguez's pre-sentence motion to withdraw his guilty plea.

Judgment of sentence affirmed.

_____

[2] In the omitted footnote, the trial court concluded correctly that Rodriguez's "failure to establish a plausible claim of innocence renders unnecessary a consideration of whether pre-sentence withdrawal of [the] guilty plea would substantially prejudice the Commonwealth. **Id.** at 5 n.18 (citations omitted).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>4/29/2026</u>