J-S11010-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN NICHOLS | : | |
| | : | |
| Appellant | : | No. 865 WDA 2025 |

Appeal from the Judgment of Sentence Entered July 10, 2025
In the Court of Common Pleas of Butler County
Criminal Division at No: CP-10-CR-0000438-2022

BEFORE:  LAZARUS, P.J., STABILE, J., and NEUMAN, J.

MEMORANDUM BY STABILE, J.:                **FILED: May 27, 2026**

Appellant, Steven Nichols, appeals from the judgment of sentence imposed by the Court of Common Pleas of Butler County on July 10, 2025, following his guilty pleas to burglary and related offenses.  He challenges the denial of his pre-sentence motion to withdraw his guilty plea.  Upon review, we affirm.

On November 8, 2023, Appellant pleaded guilty to six counts of burglary, three counts of theft (M1), two counts of theft (F3), and one count each of attempted burglary, attempted theft, and theft (M3).  In exchange for his plea, the Commonwealth withdrew two counts of corrupt organization and one count of conspiracy.  Appellant completed a written guilty plea colloquy, and the trial court conducted an oral colloquy on the record.  Sentencing was deferred for a presentence investigation ("PSI").

Sentencing was scheduled for February 14, 2024. Appellant failed to appear and a warrant was issued. He was arrested in Florida and extradited back to Pennsylvania in March of 2025.

On April 23, 2025, Appellant filed a motion to withdraw his guilty plea. He claimed that his plea was not entered voluntarily, knowingly or intelligently because he was illiterate and hard of hearing. He further claimed that he was innocent of the crimes because he was not present where the burglaries occurred and that the witnesses failed to identify him during the preliminary hearing. Following a hearing on June 24, 2025, the trial court denied Appellant's motion to withdraw his plea. Appellant was sentenced on July 10, 2025, to an aggregate 30 to 240 months' imprisonment. This appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Did the trial court commit an abuse of discretion when it denied [Appellant's] motion to withdraw guilty plea prior to sentencing and finding that [Appellant's] plea was knowing and voluntary?

2. Did the trial court commit an abuse of discretion when it denied [Appellant's] motion to withdraw guilty plea prior to sentencing where [Appellant] validly asserted his innocence, and the Commonwealth was not prejudiced?

Appellant's Brief, at 7 (unnecessary capitalization omitted).

As Appellant's issues are related, we will address them together. We review a trial court's ruling on a pre-sentence motion to withdraw a guilty plea for an abuse of discretion:

- 2 -

Where a defendant requests to withdraw his guilty plea before he is sentenced, the trial court has discretion to grant the withdrawal and that discretion is to be liberally exercised to permit withdrawal of the plea if two conditions are present: 1) the defendant demonstrates a fair and just reason for withdrawing the plea and 2) it is not shown that withdrawal of the plea would cause substantial prejudice to the Commonwealth.

A plausible [or colorable] claim of innocence, supported by some facts or evidence in the record, constitutes a fair and just reason for allowing pre-sentence withdrawal of a guilty plea. Where, however, the defendant merely makes a bare assertion that he is innocent without any proffer of any supporting basis for that claim, the trial court in its discretion may deny withdrawal on the ground that the defendant has not shown a fair and just reason for withdrawal of the plea.

*Commonwealth v. Jamison*, 284 A.3d 501, 505 (Pa. Super. 2022) (citations omitted). The fact that a claim of innocence may fail at trial is not a valid ground for denying a motion to withdraw plea. *Commonwealth v. Islas*, 156 A.3d 1185, 1192 (Pa. Super. 2017).

Appellant pleaded guilty to six counts of robbery and related offenses based on the following allegations:

[F]rom August 27th, 2018 through November 9th, 2018, you're charged at six counts of burglary, each of which is graded as a felony of the first degree. And it's alleged, essentially, that you did not have license or privilege to enter. You did unlawfully enter into a dwelling place for the purpose of committing a crime therein, that being a theft.

N.T. Plea Hearing, 11/8/23, at 6.

Appellant asserts that his pleas were not voluntary or knowing because he was illiterate and hard of hearing; therefore, "he was unable to understand fully what was happening at the time that he was entering his plea." Appellant's Brief at 19.

- 3 -

To establish that a guilty plea is voluntary and knowing, the trial court must conduct a colloquy that shows:

> 1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence.

*Commonwealth v. Jabbie*, 200 A.3d 500, 506 (Pa. Super. 2018). "A defendant is bound by the statement which he makes during his plea colloquy and cannot assert challenges to his plea that contradict his statements when he entered the plea." *Jamison*, 284 A.3d at 506.

In the present case, the plea colloquy demonstrated that Appellant's guilty pleas were voluntary and knowing. The oral colloquy set forth the factual basis of the plea. By signing the written colloquy, Appellant confirmed that he received a copy of the Information, read and understood it. *See* Plea Agreement, 11/8/23, at 2. At the plea hearing and in the plea agreement that Appellant signed, he was advised and confirmed that he understood the maximum sentence he could receive, that there was no agreement concerning the sentence that he would receive, and that his sentence would be decided by the court. *See id.* at 1-3; N.T. Plea, 11/8/23, at 6-7, 9-10. Appellant was also advised of his right to a jury trial and the presumption of innocence and confirmed that he understood those rights and was giving them up by pleading guilty. *See id.* at 2; N.T. Plea, 11/8/3, at 7-8.

Relative to Appellant's claims on appeal, he never informed the trial court that he was illiterate or hard of hearing, nor did he have any questions

- 4 -

for the court regarding his plea. In fact, Appellant confirmed that he could read, write and understand the English language, and that he had no medical issues that would impair his ability to enter a guilty plea:

Q:    How far did you go in school?

A:    Seventh grade.

Q:    Are you able to read, write and understand the English language?

A:    Yes.

Q:    Have you had any drugs or alcohol, or are you taking any prescription medication or anything that would impact your ability to understand what we are here to do today?

A:    No.

Q:    And I know you have some medical issues.

A:    Yes.

Q:    Is there anything medically or physically that impairs your ability to be here and understand what we are doing?

A:    No.

N.T. Plea, 11/8/23, at 5.

During the hearing on Appellant's motion to withdraw his plea, he testified that he answered "yes" when asked if he could read, write and understand English because he was embarrassed to say he did not. N.T. Hearing, 6/24/25, at 95. He explained that he had no formal education and was taught by a tutor on the carnival circuit. *Id.* at 88. Based on what he learned, he estimated that he only had a second-grade education and is

unable to read. *Id.* at 88, 98-99. Appellant claimed that the court reporter must have erred when transcribing his answer to his level of education because he does not have a seventh-grade education. *Id.* at 101. He further admitted that he lied about his education during the plea hearing. *Id.* at 102.

Regarding the hearing loss, Appellant testified that he informed trial counsel (Attorney Stephen Colafella) of his hearing loss when Attorney Colafella was retained after Appellant's preliminary hearing. *Id.* at 100. Appellant's former wife, Virginia Demetro, testified to Appellant's progressive hearing loss. *Id.* at 8-11. She explained that Attorney Colafella primarily corresponded via text, and she would have to read them to Appellant and respond on his behalf. *Id.* at 11-12. However, she also testified that she was not involved in the plea negotiations, nor was she present for the plea hearing. *Id.* at 12-13, 18, 21-22.

Attorney Colafella testified that he primarily communicated with Appellant via phone calls because Appellant was in Florida prior to the plea hearing. *Id.* at 27-28. Attorney Colafella explained that the two spoke several times over the phone and Appellant never expressed that he had difficulty hearing, and Attorney Colafella never got the impression that he had hearing issues:

> We communicated regularly, we reviewed discovery, we had detailed conversations about guidelines and sentencing scenarios. I never had any reason to believe that he had any difficulty whatsoever understanding what I was explaining to him.

*Id.* at 30-31.  Attorney Colafella denied that Ms. Demetro or Appellant ever told him that Appellant had hearing issues.  *Id.* at 32.

Appellant stated that he could read, write and understand English and did not have any medical or physical issues that would impair his ability to enter a plea.  He cannot now challenge his plea in contradiction of those statements.  No relief is due.  *See Jamison*, *supra*.

Appellant also asserted his innocence and argued that there was no evidence that he was present where the burglaries occurred because the victims were unable to identify him during the preliminary hearing.  N.T. Hearing, 6/24/25, at 89.

The Commonwealth's theory of the case was that Appellant, along with his son and co-defendant, targeted elderly victims and committed distraction-style burglaries.  One person, Appellant's son in this case, would knock on the door and distract the victim while the other person, Appellant, would enter the home of the victim and steal items.  While it is true that none of the elderly victims identified Appellant during the preliminary hearing, there was other circumstantial evidence that would prove Appellant's involvement in the burglaries.  *See id.* at 35, 39.  Such evidence included cell site data, Appellant's financial records, hotel and rental receipts, and plane tickets.  *See id.* at 54-55.  Additionally, there was some evidence of money transfers involving businesses owned by Ms. Demetro.  *Id.* at 56.

Accordingly, Appellant has failed to set forth a colorable claim of innocence to support a fair and just reason for withdrawing his plea.

Moreover, the Commonwealth would be prejudiced by permitting Appellant to withdraw his plea because three of the victims have died between the time Appellant entered his plea and the hearing to withdraw his plea. *Id.* at 115.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

5/27/2026