J-S34024-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT DAVIS | : | |
| | : | |
| Appellant | : | No. 2096 MDA 2019 |

Appeal from the Judgment of Sentence Entered December 4, 2019
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0001379-2018

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:          **FILED SEPTEMBER 16, 2020**

Appellant, Robert Davis, appeals from the judgment of sentence of one to five years' incarceration, imposed after he pled *nolo contendere* to endangering the welfare of children, indecent assault of a person less than 13 years of age, and criminal attempt to commit indecent assault.  Appellant challenges the trial court's denial of his pre-sentence motion to withdraw his plea.  After careful review, we affirm.

The trial court summarized the facts and pertinent procedural history of Appellant's case, as follows:

> The victim, A.F., age 12, reported to her mother and subsequently to [Children's Resource Center (CRC)] that [Appellant] entered her bedroom on July … 11, 2018, at around 4 a.m.[,] and was lying next to her and touch[ing] her thigh and feet.  The victim further indicated that the following night[,] she woke up to [Appellant] pulling on  her underwear strap. [The v]ictim observed [Appellant] running out of her bedroom.  Upon review of the documents provided by CRC, on October 9, 2018, according to the

Bill of Information, [Appellant] was charged with [e]ndangering [w]elfare of [c]hildren, [i]ndecent [a]ssault of a [p]erson less than 13 years of [a]ge[,] and [c]riminal [a]ttempt. On August 31, 2018, due to a conflict of interest[] by the Public Defender's Office, Joshua Harshberger[,] Esq.[,] was appointed to represent [Appellant].

On January 24, 2019, [Appellant], in the presence of … [A]ttorney … Harshberger, … entered a negotiated *[n]olo [c]ontendere* [p]lea on all three charges. At sentencing on July 31, 2019, [Appellant] informed the [c]ourt that he wished to withdraw his plea and proceed to trial on the matter.

Trial Court Opinion (TCO), 2/21/20, at 3-4.

The court continued Appellant's sentencing proceeding to August 14, 2019, thereby providing Appellant time to file a written motion to withdraw his plea. Appellant filed that motion on August 12, 2019. Therein, he alleged that he wished to withdraw his plea because he had received "information that the victim in this matter [was] recanting the accusation." Motion to Withdraw Plea, 8/12/19, at 2 (unnumbered). Appellant further explained that "in July of 2019[,]" defense counsel, Attorney Harshberger, had received an undated letter written by the victim in which she "recant[ed] the allegations [she] testified to at the preliminary hearing on September 6, 2018[,] and [the] allegations [she] reported to the county detectives [on] which the criminal information relies…." *Id.* Curiously, Attorney Harshberger did not attach the victim's letter to Appellant's motion to withdraw his plea.

On October 2, 2019, the court conducted a hearing on Appellant's motion. There, Attorney Harshberger reiterated that he had received a letter from the victim recanting her allegations against Appellant. Once again, however, counsel failed to present the letter to the court; he did not enter it

into evidence, or call the victim to testify about her recantation. For its part, the Commonwealth conceded that the victim wrote the recantation letter, but it argued that certain statements in the letter indicated the victim was being "fed some of this information." N.T. Hearing, 10/2/19, at 9, 10. The Commonwealth also explained that the victim's mother was in a romantic relationship with Appellant. At the time the victim wrote the letter, she was living with her mother again, and Appellant was free on bail. *Id.* at 10, 11. Additionally, the Commonwealth stated that the victim was "not recanting being touched…, but she [is] now saying that it was some … teenage boy who came into her house in the middle of the night and did these things and it was [not Appellant]." *Id.* at 11.

After hearing the parties' arguments, the court denied Appellant's motion to withdraw his plea. The court reasoned that the victim's recantation was not credible, given its timing and the circumstances surrounding it. *Id.* at 12. The court also accepted the Commonwealth's argument that it would be prejudiced by the withdrawal of Appellant's plea because there was a "substantial timeframe" between when Appellant entered his plea in January of 2019 until when he sought to withdraw it in August of 2019. *Id.* at 9, 12.

Following the court's denial of Appellant's motion, Attorney Harshberger sought leave to withdraw from representing Appellant, claiming that Appellant now wished to withdraw his plea on the basis that Attorney Harshberger had acted ineffectively in representing him. The court conducted a hearing on counsel's motion to withdraw on October 30, 2019. At the close thereof, the

court entered an order granting Attorney Harshberger's petition to withdraw and scheduling Appellant's sentencing for December 4, 2019. On that date, the court imposed the sentence set forth *supra*.

Appellant filed a timely, *pro se* notice of appeal, and he complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court thereafter filed a Rule 1925(a) opinion. On January 23, 2020, this Court remanded Appellant's case for the trial court to conduct a colloquy pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), to discern if Appellant was knowingly, intelligently, and voluntarily waiving his right to counsel on appeal. The court conducted that colloquy and ultimately appointed counsel for Appellant.

Herein, Appellant states one issue for our review: "Should the request of … Appellant to withdraw his *nolo contendere* plea [have] been granted given the fact that the alleged victim in the case wrote a letter … recanting the allegations against … Appellant and the date of that letter was after he entered the plea with the [c]ourt?" Appellant's Brief at 20.

Preliminarily, we observe that we review a trial court's ruling on a pre-sentence motion to withdraw a guilty plea for an abuse of discretion. **See Commonwealth v. Islas**, 156 A.3d 1185, 1187 (Pa. Super. 2017). Additionally, our Supreme Court has explained:

> [I]n determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, the test to be applied by the trial courts is fairness and justice. If the trial court finds "any fair and just reason," withdrawal of the plea before sentence should be freely

permitted, unless the prosecution has been "substantially prejudiced."

***Commonwealth v. Forbes***, 299 A.2d 268, 271 (Pa. 1973) (internal citations and some internal quotations omitted).

In ***Commonwealth v. Carrasquillo***, 115 A.3d 1284 (Pa. 2015), the Court provided additional guidance as to the proper exercise of a trial court's discretion in ruling on a pre-sentence motion to withdraw a plea. While reaffirming the "liberal allowance" standard, the Court acknowledged that its previous application of that standard had "lent the [false] impression that [the] Court had required acceptance of a bare assertion of innocence as a fair-and-just-reason" for withdrawal. ***Id.*** at 1292. The ***Carrasquillo*** Court clarified that "a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant" a pre-sentence motion to withdraw. ***Id.*** at 1285. Rather,

> a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for pre[-]sentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

***Id.*** at 1292. Thus, the ***Carrasquillo*** Court established that a trial court possesses discretion to assess the plausibility of a defendant's claim of innocence. In doing so, "both the timing and the nature of the innocence claim, along with the relationship of that claim to the

strength of the government's evidence, are relevant." ***Islas***, 156 A.3d at 1191. More recently, our Supreme Court further elucidated that,

> [c]onsistent with the well-established standards governing trial court discretion, it is important that appellate courts honor trial courts' discretion in these matters, as trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice.

***Commonwealth v. Norton***, 201 A.3d 112, 121 (Pa. 2019).

Here, the trial court did not find that fairness and justice would be promoted by permitting Appellant to withdraw his plea based on the victim's purported recantation. Again, Appellant did not attach the victim's letter of recantation to his petition to withdraw his plea, or make any attempt to enter the letter into evidence at the hearing on his motion. He also did not seek to call the victim to the stand. Instead, Appellant and the Commonwealth simply described the contents of the victim's letter to the court, and explained the circumstances and timing of its drafting. The Commonwealth stressed that the victim's undated letter was ostensibly written when Appellant was free on bail and the victim was living with her mother, who was romantically involved with Appellant. The Commonwealth suggested that Appellant and/or the victim's mother had coached the victim in writing the letter. The Commonwealth also noted that the victim was not recanting her allegation that she had been abused, but was claiming that the perpetrator of the abuse was not Appellant, but a teenage boy who had snuck into her room in the

middle of the night. Appellant made no objection to the Commonwealth's description of the content or context of the victim's recantation letter.

Ultimately, the court found the timing and circumstances of the victim's letter to be suspicious, and her recantation incredible. We discern no abuse of discretion in that decision. While on appeal, Appellant discusses the contents of the victim's letter and attaches a copy to his brief, the letter was never entered into evidence or filed in the certified record; therefore, we cannot consider it on appeal. **See Bennyhoff v. Pappert**, 790 A.2d 313, 318 (Pa. Super. 2001) (stating "[i]t is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in [the] case").

Additionally, we reject Appellant's suggestion that the court erred by making a credibility determination regarding the victim's recantation when her letter was not admitted into evidence, and the victim did not testify at the hearing. Appellant does not cite to where in the record he attempted to admit this (or any other) evidence for the court's consideration. It was Appellant's burden to present evidence in order to make "a colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." **Carrasquillo**, 115 A.3d at 1292. Clearly, he failed to do so. Therefore, he cannot now complain that the court did not have a sufficient record before it to make a credibility determination regarding the victim's recantation.

In sum, the court found the victim's recantation incredible based on the Commonwealth's discussion of the context and content of that recantation. Appellant did not object to the Commonwealth's characterization of the letter and the circumstances surrounding it, or present any evidence to support his request to withdraw his plea. Thus, we conclude that the record supports the court's determination that Appellant did not make a colorable claim of innocence to justify the pre-sentence withdrawal of his plea.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/16/2020