J-S32044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WENDY SUE COWDER | : | |
| | : | |
| Appellant | : | No. 589 MDA 2025 |

Appeal from the Judgment of Sentence Entered April 14, 2025
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0000491-2022

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WENDY S. COWDER | : | |
| | : | |
| Appellant | : | No. 590 MDA 2025 |

Appeal from the Judgment of Sentence Entered April 14, 2025
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0000215-2021

BEFORE:   LAZARUS, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED OCTOBER 27, 2025**

In these consolidated appeals,[1] Wendy Sue Cowder appeals from the

April 14, 2025 aggregate judgment of sentence of 72 hours to 6 months'

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant's appeals at Nos. 589 MDA 2025 and 590 MDA 2025 were consolidated **sua sponte** by **per curiam** order of this Court on May 16, 2025.

imprisonment, to be followed by 90 days' probation,[2] imposed after she pled guilty to driving under the influence of alcohol or controlled substance ("DUI"), driving while operating privilege is suspended or revoked, confinement and housing of dogs not part of a kennel, and disorderly conduct.[3] After careful review, we affirm the judgment of sentence.

A detailed recitation of the facts is not relevant to our disposition and need not be reiterated here. The relevant procedural history of this case, as gleaned from the certified record, is as follows: On March 15, 2021, Appellant was charged at No. CP-14-CR-0000215-2021 with DUI, driving while operating privilege is suspended or revoked, and careless driving.[4] Thereafter, on May 26, 2023, Appellant was charged at No. CP-14-CR-0000491-2022 with confinement and housing of dogs not part of a kennel, disorderly conduct, and resisting arrest.[5]

Following the issuance of several bench warrants for Appellant's failure to appear at her scheduled jury selection, Appellant ultimately appeared before the Honorable Brian K. Marshall for a bench warrant hearing on

---

[2] Appellant was also ordered to pay $1,225 in fines and received 5 days' credit for time-served.

[3] 75 Pa.C.S.A. §§ 3802(d)(2) and 1543(a), 3 P.S. § 459-305(a)(2), and 18 Pa.C.S.A. § 5503(a)(2), respectively.

[4] 75 Pa.C.S.A. § 3714(a).

[5] 18 Pa.C.S.A. § 5104.

February 19, 2025. That same day, Appellant pled guilty to DUI, driving while operating privilege is suspended or revoked, confinement and housing of dogs not part of a kennel, and disorderly conduct. A sentencing hearing was scheduled for April 14, 2025.

On April 8, 2025, six days before her sentencing, Appellant filed a motion to withdraw her guilty plea, arguing that she was both innocent and under duress at the time of her guilty plea. **See** "Motion to Withdraw Guilty Plea," 4/8/25 at 6. The trial court heard argument on Appellant's motion at the April 14, 2025 hearing, at the conclusion of which the trial court denied her request to withdraw her guilty plea. Notes of testimony, 4/14/25 at 11; **see also** trial court order, 4/14/25. Thereafter, the trial court sentenced Appellant to an aggregate term of 72 hours to 6 months' imprisonment, to be followed by 90 days' probation.

Appellant filed the instant notice of appeal on May 5, 2025. On May 6, 2025, the trial court ordered Appellant to file a concise statement of matters complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Appellant timely complied and the trial court issued its Rule 1925(a) opinion on June 3, 2025.

Appellant raises the following issue for our review:

1.     Did the trial court err in denying [Appellant's] motion to withdraw guilty plea and then proceeding to sentencing [Appellant]?

Appellant's brief at 10 (extraneous capitalization omitted).

"It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court." ***Commonwealth v. Kehr***, 180 A.3d 754, 757 (Pa.Super. 2018) (citation omitted). "An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the [trial] court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." ***Commonwealth v. Norton***, 201 A.3d 112, 120 (Pa. 2019) (citation omitted; brackets in original).

A motion to withdraw a guilty plea prior to sentencing is governed by Pa.R.Crim.P. 591, which provides, in relevant part, as follows:

> At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, ***sua sponte***, the withdrawal of a plea of guilty or ***nolo contendere*** and the substitution of a plea of not guilty.

Pa.R.Crim.P. 591(A).

Our Supreme Court has interpreted the rule as follows:

> There is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

***Commonwealth v. Johnson-Daniels***, 167 A.3d 17, 23 (Pa.Super. 2017)

(citations omitted), ***appeal denied***, 174 A.3d 1029 (Pa. 2017); ***see also***

Pa.R.Crim.P. 591, Comment.

Thus,

> in determining whether to grant a pre-sentence
> motion for withdrawal of a guilty plea, the test to be
> applied by the trial courts is fairness and justice. If
> the trial court finds "any fair and just reason[,"]
> withdrawal of the plea before sentence should be
> freely permitted, unless the prosecution has been
> "substantially prejudiced."

***Commonwealth v. Islas***, 156 A.3d 1185, 1188 (Pa.Super. 2017) (citation

omitted; internal quotation marks in original).

Furthermore, in situations where a when a defendant makes a pre-

sentence request to withdraw her guilty plea based upon a claim of innocence,

"the innocence claim must be at least plausible to demonstrate, in and of itself,

a fair and just reason for presentence withdrawal of a plea." ***Norton***, 201

A.3d at 120 (citation and internal quotation marks omitted).

> [I]t is important that appellate courts honor trial
> court[s'] discretion in these matters, as trial courts are
> in the unique position to assess the credibility of
> claims of innocence and measure, under the
> circumstances, whether defendants have made
> sincere and colorable claims that permitting
> withdrawal of their [pleas] would promote fairness
> and justice.

***Commonwealth v. Garcia***, 280 A.3d 1019, 1024 (Pa.Super. 2022) (citation

omitted), ***appeal denied***, 293 A.3d 566 (Pa. 2023). "[A] mere, bare, or non-

colorable assertion of innocence is insufficient, in and of itself, to support withdrawal of a plea." ***Islas***, 156 A.3d at 1189 (citation omitted).

Instantly, we discern no abuse of discretion on the part of the trial court in denying Appellant's request to withdraw her guilty plea. The record plainly supports the conclusion that granting Appellant's request to withdraw her guilty plea would not promote fairness and justice. Appellant's withdrawal request was made a mere 6 days prior to the court's imposition of sentence, and nearly 2 months after she pled guilty. Appellant's bald assertion of innocence of all the charges against her does not, in and of itself, constitute a fair and just reason to permit the withdrawal of her guilty plea. ***Id.***; ***see also*** "Motion to Withdraw Guilty Plea," 4/8/25 at ¶ 39. Appellant further contends that she was under duress at the time she entered her guilty plea because she was incarcerated, but this contention is not borne out by the facts of this case. At the time of Appellant's guilty plea, she was incarcerated on a bench warrant due to her failure to appear for court and was to be released on a time-served sentence. Prior to the February 19, 2025 bench warrant hearing, a plea bargain was reached with Appellant, through counsel, and at no time was she going to remain incarcerated had she not pled guilty on that date.

Nor has Appellant demonstrated that she lacked the understanding, knowledge, or voluntariness to negate her guilty pleas. On the contrary, Appellant completed a written guilty plea colloquy, wherein she confirmed that she was not being coerced and was pleading guilty of her own free will.

Written Guilty Plea Colloquy, 2/19/25 at 5, ¶¶ 41-49. Appellant was also questioned extensively by Judge Marshall at the February 19, 2025 hearing, during which she confirmed, **inter alia**, that she understood the nature of the charges against her; that she understood that she had a right to a trial in both cases and was presumed innocent until proven guilty; that she had an opportunity to discuss her guilty plea with counsel and was satisfied with his representation; and that she heard the alleged facts and was guilty of the offenses to which she was pleading guilty. **See** notes of testimony, 2/19/25 at 6-9. The law is clear that Appellant is bound by her statements made during the plea colloquy. **See Commonwealth v. Pier**, 182 A.3d 476, 480 (Pa.Super. 2018).[6]

Accordingly, we conclude that Appellant's request to withdraw her guilty plea prior to sentencing was properly denied and affirm the April 14, 2025 judgment of sentence.

Judgment of sentence affirmed.

_____

[6] Because Appellant failed to present a fair and just reason for withdrawing her plea, we need not consider whether the withdrawal of the guilty plea would have substantially prejudiced the Commonwealth. **See Commonwealth v. Carrasquillo**, 115 A.3d 1284, 1293 n.9 (Pa. 2015) (declining to address prejudice to the Commonwealth because defendant failed to assert a fair and just reason to withdraw the plea).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/27/2025