J-A24025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARSHALL CLYDE MIXELL | : | |
| | : | |
| Appellant | : | No. 1868 MDA 2024 |

Appeal from the Judgment of Sentence Entered December 2, 2024
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0002268-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARSHALL CLYDE MIXELL | : | |
| | : | |
| Appellant | : | No. 1869 MDA 2024 |

Appeal from the Judgment of Sentence Entered December 2, 2024
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0000334-2024

BEFORE: DUBOW, J., KUNSELMAN, J., and BECK, J.

MEMORANDUM BY DUBOW, J.:                    **FILED: NOVEMBER 12, 2025**

In this consolidated appeal, Appellant, Marshall Clyde Mixell, appeals from the December 2, 2024 judgment of sentence entered in the Cumberland County Court of Common Pleas following the entry of his negotiated guilty pleas to Involuntary Deviate Sexual Intercourse ("IDSI"), Aggravated Indecent Assault, and two counts of Endangering the Welfare of Children

("EWOC").[1]  Appellant challenges the trial court's denial of his motion to withdraw his guilty pleas and the sufficiency of the evidence supporting his designation as a Sexually Violent Predator ("SVP").  Following review, we conclude that Appellant's issues have no merit.  However, we *sua sponte* vacate the judgment of sentence and remand for resentencing because the court imposed an illegal sentence on one count of EWOC.

The relevant facts and procedural history are as follows.  On June 18, 2024, Appellant entered negotiated guilty pleas at Dockets No. 2268-2023 and 334-2024.  At Docket No. 2268-2023, Appellant pled guilty to one count each of IDSI and EWOC, and admitted that between May 2012 and November 2019 he sexually assaulted his stepdaughter, A.W.P.N., who was under the age of 13.  At Docket No. 334-2024, Appellant pled guilty to one count each of Aggravated Indecent Assault and EWOC, and admitted that on one occasion in June 2023, he sexually assaulted his foster daughter, S.L.S., who was 17 years old at the time.  The court ordered the Sexual Offender Assessment Board ("SOAB") to perform an assessment to determine whether Appellant met the criteria of an SVP.

On November 26, 2024, Appellant filed a motion to withdraw his guilty pleas at both dockets.  On December 2, 2024, the court held a hearing on Appellant's motion.  At the hearing, Appellant claimed that he was innocent, did not have enough time to consider the plea offers, and did not understand

---

[1] 18 Pa.C.S. §§ 3123(b), 3125(a)(7) and 4304(a)(1), respectively.

the potential length of incarceration. Appellant then asked if there would be any way to change his SVP designation, "because I just want to stress to you that this was like an isolated incident[.]" N.T. Mot. Hr'g and Sent'g, 12/2/24, at 12.

The court denied Appellant's motion to withdraw his guilty pleas and proceeded to conduct the SVP hearing. In support of his conclusion that Appellant fit the criteria of an SVP and suffered from pedophilic disorder, the SOAB expert, Dr. Robert Stein, noted that Appellant's crimes involved multiple victims, "hands-on" offenses, and that A.W.P.N. was seven or eight years old when the sexual contact started. At the conclusion of the hearing, the trial court found that Appellant was an SVP and imposed an aggregate sentence of 10 to 20 years of incarceration followed by 5 years of probation, as negotiated by the parties. The court directed the sentences on all counts to run concurrently.

Specifically, at Docket No. 2268-2023, the trial court sentenced Appellant to 10 to 20 years of incarceration followed by 5 years of probation for IDSI, and 1 to 2 years of incarceration for EWOC. At Docket No. 334-2024, the court sentenced Appellant to 5 to 10 years of incarceration followed by 5 years of probation for Aggravated Indecent Assault, and 1 to 2 years of incarceration for EWOC. The court graded both counts of EWOC as felonies of the third degree. **See** 18 Pa.C.S. § 4304(b)(1).

This timely appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Whether the trial court erred in denying Appellant's motion to withdraw his guilty plea where Appellant testified that the facts alleged were not true?

2. Whether the trial court erred in finding Appellant to be a[n] [SVP]?

Appellant's Br. at 7.

In his first issue, Appellant argues that the trial court erred in denying his motion to withdraw his guilty pleas "as Appellant made a plausible claim of innocence." *Id.* at 32. Appellant compares this case to *Commonwealth v. Islas*, 156 A.3d 1185 (Pa. Super. 2017), where this Court permitted the appellant to withdraw his guilty plea after finding that he had presented a plausible claim of innocence. Appellant's Br. at 33. Appellant avers that, as in *Islas*, nothing about the Commonwealth's evidence wholly undermined the plausibility of his assertion of innocence. *Id.* at 36.

We review the denial of a pre-sentence motion to withdraw a guilty plea for an abuse of discretion. *Commonwealth v. Norton*, 201 A.3d 112, 120 (Pa. 2019). There is no absolute right to withdraw a guilty plea. *Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1291 (Pa. 2015). For instance, "a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant" a pre-sentence motion to withdraw a guilty plea. *Id.* at 1285. Instead, "a defendant's innocence claim must be at least plausible" to justify withdrawal. *Id.* at 1292. In considering a motion to withdraw a guilty plea, the court should inquire "whether the accused has

made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." *Id.*

The trial court found that Appellant "failed to demonstrate the existence of a fair and just reason supporting the withdrawal of his guilty pleas[.]" Trial Ct. Op., 2/10/25, at 10. The trial court found it significant that Appellant admitted guilt on two separate occasions on the record: once during his guilty pleas and once at the hearing on his motion to withdraw his guilty pleas when he stated that the abuse "was like an isolated incident." *Id.*

Our review of the record indicates that the trial court did not abuse its discretion in denying Appellant's motion as Appellant did not make more than a bare assertion of innocence. While Appellant analogizes this case to *Islas*, the *Islas* court made a highly fact-specific determination about the plausibility of the appellant's claim based on specific portions of his testimony. *Islas*, 156 A.3d at 1190. Here, to support his assertion of innocence, Appellant testified only that he had wanted to present evidence from his home security camera until his attorney informed him the video would be inadmissible in court. Mot. Hr'g and Sent'g at 8-9. The trial court did not err in determining that this testimony did not amount to a plausible demonstration of innocence. Appellant's claim, thus, merits no relief.

Appellant next argues that "[t]he trial court erred in designating Appellant as a[n] [SVP] as the criteria testified to by Dr. Stein did not support this designation." Appellant's Br. at 39. Appellant claims that Dr. Stein mischaracterized Appellant's conduct as predatory behavior and the

- 5 -

Commonwealth failed to prove that Appellant suffered from a mental abnormality or personality disorder. *Id.* Specifically, Appellant takes issue with Dr. Stein's testimony that the single act committed against S.L.S. was sufficient to establish victimization, argues that only 3 of the 15 criteria assessed by Dr. Stein supported his conclusion of Appellant's risk to reoffend, and challenges Dr. Stein's diagnosis of pedophilic disorder. *Id.* at 39-47.

"A challenge to a trial court's SVP designation presents a challenge to the sufficiency of the evidence for which our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Aumick*, 297 A.3d 770, 776 (Pa. Super. 2023) (*en banc*). We review the record in a "light most favorable to the Commonwealth" as verdict winner. *Id.* We will reverse a court's SVP determination "only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied." *Id.* at 776–77 (citation omitted).

An SVP is an "individual who has committed a sexually violent offense under the laws of this Commonwealth . . . who is determined to be a[n] [SVP] under Section 9799.24 due to a mental abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent offenses." 42 Pa.C.S. § 9799.12. As our Supreme Court has made clear, this Court is limited to "simply assessing the legal sufficiency of the proof respecting SVP status accepted by the trial court[.]" *Commonwealth v. Meals*, 912 A.2d 213, 214 (Pa. 2005). Our role as an appellate court does not permit us to re-evaluate, on appeal, the merits of that diagnosis. *Id.* at

- 6 -

223-24. The diagnosis itself is evidence, and any attack on the underlying merits of the opinion goes to "the weight, and not the sufficiency, of the expert's evidence." *Id.* at 224.

The trial court found that "Dr. Stein testified to a reasonable degree of professional certainty that Appellant suffered from a pedophilic disorder, that he was following a sexually deviant pattern, and that he was an individual who had a mental abnormality or personality disorder that made him likely to engage in predatory sexually violent offenses." Trial Ct. Op. at 19. The court concluded that there was, therefore, "clear and convincing evidence supporting Appellant's SVP designation[.]" *Id.* at 20.

Our careful review of the record demonstrates that, viewed in the light most favorable to the Commonwealth, there is sufficient evidence to support Appellant's SVP designation. Appellant's challenges to the underlying merits of the expert opinion go to the weight, and not the sufficiency, of the expert's evidence and we decline to re-evaluate the merits of Dr. Stein's diagnosis. *See Meals*, 912 A.2d at 214. Appellant's argument is, therefore, without merit.

Although Appellant does not raise the issue on appeal, we next address the illegality of Appellant's sentence imposed at Docket No. 334-2024 on one count of EWOC, which the trial court graded as a felony of the third degree.

An offense of EWOC "constitutes a misdemeanor of the first degree[,]" but "if the actor engaged in a course of conduct of [EWOC], the offense constitutes a felony of the third degree." 18 Pa.C.S. § 4304(b)(1)(i)-(ii). The

issue of whether the trial court properly graded an EWOC charge goes to the legality of the underlying sentence and is, therefore, a non-waivable matter. ***Commonwealth v. Popow***, 844 A.2d 13, 17 (Pa. Super. 2004). Where the criminal information charges EWOC as a felony in the third degree but fails to include any language alleging a course of conduct, then the charge should properly be graded as a first-degree misdemeanor. ***Id.*** A course of conduct necessitates abuse of a child which spans "days, weeks or months," rather than minutes or hours. ***Id.***

Here, the trial court concedes that "the facts as established in the criminal information and during Appellant's guilty plea demonstrated that Appellant had sexual contact with S.L.S. on one occasion for less than one hour" and "[a]t no point during the guilty plea were any facts established regarding a course of conduct[.]" Trial Ct. Op. at 21.

Based on our review of the record, we conclude that the trial court should have graded the EWOC charge at Docket No. 334-2024 as a misdemeanor of the first degree, rather than a felony, because Appellant pled guilty to one incident of sexual abuse that lasted minutes.[2] Accordingly, we vacate the judgment of sentence and remand for resentencing.[3]

---

[2] The trial court properly graded the second count of EWOC at Docket No. 2268-2023 as a felony because Appellant's abuse of A.W.P.N. spanned years.

[3] Resentencing will not alter Appellant's aggregate sentence if the trial court again orders sentences on all counts to run concurrently.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/12/2025